LEON FREEDMAN, Appellant, *v.* ARTHUR POIRIER, Respondent.*

First Department, November 29, 1929.

*David R. Lessler* of counsel [*William Cohen* with him on the brief; *Robert J. Brown*, attorney], for the appellant.

*William C. Young*, for the respondent.

MARTIN, J.  The defendant, while operating an automobile in the State of Connecticut, met with an accident.  An action was thereafter brought against him by Charles Montanaro in the Court of Common Pleas, Fairfield county, Conn., to recover damages for injury to property.  The defendant was and still is a resident of the State of New York.  He was not served with process in the State of Connecticut nor was any property belonging to him attached.  He did not appear personally or by attorney.  Service was made by delivering a copy of the process to the Commissioner of Motor Vehicles of the State of Connecticut and by mailing a copy thereof to the defendant Poirier by registered mail at an address in the State of New York.

On this service a personal judgment was taken by default against the defendant Poirier.  This judgment was assigned by Montanaro to Leon Freedman, the plaintiff herein, who brought this proceeding thereon in the Supreme Court.  A motion was then made for summary judgment and was denied.  This appeal is from the order denying the motion.

The defendant contends that the judgment is unenforcible

because of the failure of the Connecticut statute to provide for such service of process as will properly safeguard the rights of a nonresident.

Chapter 122 of the Public Acts of Connecticut for 1925, so far as here material, provides as follows:

" Section 1. Any nonresident of this State who shall cause a motor vehicle to be operated upon any public highway of this State shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action brought against such person on account of any claim for damages resulting from the alleged negligence of such nonresident or his agent or servant in the operation of any motor vehicle upon any public highway in this state may be served upon said commissioner and shall have the same validity as if served upon such nonresident personally. Such process shall be served by the officer to whom the same shall be directed upon the commissioner of motor vehicles by leaving with or at the office of said commissioner, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy with an indorsement thereon of the service upon said commissioner, addressed to such defendant at his last-known address."

A somewhat similar statute of the State of New Jersey was held unconstitutional because it failed to provide for service upon the defendant either by registered mail or otherwise. (*Wuchter* v. *Pizzutti*, 276 U. S. 13.) It was there said (p. 19): " We quite agree, and, indeed, have so held in the *Pawloski* case [274 U. S. 352], that the act of a non-resident in using the highways of another State may properly be declared to be an agreement to accept service of summons in a suit growing out of the use of the highway by the owner of the automobile, but the enforced acceptance of the service of process on a State officer by the defendant would not be fair or due process unless such officer or the plaintiff is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable that he will receive actual notice."

The Supreme Court of the United States approved a Massachusetts statute under consideration in *Hess* v. *Pawloski* (274 U. S. 352), which provided for service by leaving a copy of the process with a fee of two dollars in the hands of the Registrar or in his office, which statute also provided that the notice of such service and a copy of the process must be *forthwith* sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt

and the plaintiff's affidavit of compliance therewith appended to the return and entered with the declaration. That statute also provided that the court in which the action is pending may order such continuance as may be necessary to afford the defendant a reasonable opportunity to defend the action. It was held that the service must be such that it is reasonably probable that the defendant will receive notice thereof.

The Connecticut statute is inadequate in several particulars. It fails to provide that service by mail must be made before the return day of the process. It fails to insure a reasonable time to appear and defend after service, and would permit service even after the return day or on such short notice that a party would not have sufficient time to appear and defend the action.

The Massachusetts statute not only provides that when service is made upon the Registrar, *forthwith* service must be made by registered mail upon the party to be served in another State, but an affidavit of such service showing the receipt thereof must be filed with the return showing that the defendant received the notice. The Connecticut statute contains no such provisions.

In addition, the Massachusetts statute provides that the court must give reasonable adjournments so that a defendant may have an opportunity to defend. (*Hess* v. *Pawloski, supra.*) The Connecticut statute makes it possible to commit a fraud upon a non-resident and does not surround the service with the safeguards that should be provided in order to protect a person so sued.

The rights conferred by such a statute being extensive, care should be taken to safeguard the interests of those who are subject to its provisions, otherwise a great injustice may result from its enforcement.

The Special Term was correct in holding that a judgment obtained under such a statute was unenforcible because of its failure to provide for proper service. The Connecticut statute fails to make it reasonably probable that notice of service on the Commissioner will be communicated to the non-resident defendant, and especially within the time necessary to defend the action, or that the defendant will be given a reasonable opportunity to defend. All of these requirements are set forth in the Massachusetts statute which appears to have been carefully drawn with a view to accomplishing justice.

The order denying the plaintiff's motion to strike out the answer should be affirmed, with ten dollars costs and disbursements.

Dowling, P. J., Finch, McAvoy and O'Malley, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.