**TUBLITZ et al. v. HIRSCHFELD et al.**

No. 204.

Circuit Court of Appeals, Second Circuit.

March 3, 1941.

Apfel & Apfel, of New York City (Joseph R. Apfel, of New York City, of counsel), for appellants.

Herbert F. Hastings, Jr., of New York City (Edward F. Sweeney, of New York City, on the brief), for appellees

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The plaintiffs, residents of New Jersey, seek damages from the defendants, residents of New York, for personal injuries resulting from the occurrence of a collision between their respective automobiles in the State of Connecticut. The collision occurred on August 2, 1937, and the present action was commenced more than a year later, on January 9, 1939. By the New York Statute of Limitations such an action is barred in this state if it is barred in the state where the cause of action arose. N.Y.Civil Practice Act § 13; National Surety Co. v. Ruffin, 242 N.Y. 413, 152 N.E. 246. In Connecticut a cause of action based on negligence must be brought within one year from the date of. the injury or neglect complained of. Conn.Gen.Stat. § 6015. But in computing the time limited, the period during which the defendant is absent from the state is to be excluded. Conn.Gen.Stat. § 6022. Although the defendants have been continuously absent from Connecticut since the date of the accident, they say that the plaintiffs' cause of action is not saved by section 6022 because service could have been made upon them at any time within the year by serving the Connecticut commissioner of motor vehicles pursuant to section 5473 of the General Statutes. This position is sustained by Coombs v. Darling, 116 Conn. 643, 166 A. 70, which is conclusive upon federal courts as to the meaning of the Connecticut statutes.

Appellants contend that section 5473 is unconstitutional, and it was so held in Freedman v. Poirier, 227 App.Div. 320, 237 N.Y.S. 618. As this decision does not declare local law but rests on what is due process, we are not constrained to follow it. The Connecticut Supreme Court sustained the constitutionality of section 5473 in Hartley v. Vitrello, 113 Conn. 74, 154 A. 255. We agree with it. When the statute is fully considered on the constitutional issue, a proper construction of it shows that the officer making service on the commissioner of motor vehicles is under a duty to send written notice promptly to the non-resident defendant; and he reports his doings on return of the writ. If the defendant has not appeared, a continuance is provided for under Conn.Gen.Stat. § 5501, which provides an additional safe-

guard. Hence Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, rather than Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230, supplies the applicable doctrine.

Judgment affirmed.