## WISE et al. v. McCARTY ANILINE & EXTRACT CO., Inc.

### No. 9870.

United States District Court
D. New Jersey.

June 15, 1949.

George F. Losche, Hackensack, N. J., for plaintiffs.

David G. Smith, Paterson, N. J. (Louis Spiegel, Newark, N. J., on the brief), for defendant.

MEANEY, District Judge.

This is an action to recover for an alleged breach of contract to sell a quantity of sulfur black, a chemical dyestuff.

Defendant has moved for summary judgment pursuant to rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the alleged contract is illegal and unenforceable in that the price was in excess of that permitted under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and that plaintiffs had rescinded the contract by acceptance of the return of the deposit advanced on the contract.

The complaint alleges that on or about November 1, 1946 plaintiffs and defendant entered into an agreement for the sale of 50,000 lbs. of sulfur black for $40,000 delivery to be on or before the end of December 1946, that defendant delivered 10,000 lbs. for which plaintiffs paid $8,000, but that defendant has failed to deliver the remaining 40,000 lbs. The answer denies the contract and alleges that plaintiffs mailed a check for $5,000 to defendant as a deposit on the remainder of the sulfur black but defendant returned the sum and plaintiffs accepted the returned deposit.

The affidavits of Lewis Tyree, District Price Attorney of the OPA at the times material to this action, and James D. O'Donnell, a representative of Commerce Clearing House Price Control Service, show that sulfur black was under price control regulation until November 10, 1946. The affidavit of Herbert Shusteroff, President of the defendant corporation, shows that the ceiling price of defendant for sulfur black was .2388¢ per pound from March 1942 until November 10, 1946, and that the price of 80¢ per pound as set forth in the alleged agreement was .5612¢ per pound above ceiling price, effective for this distributor.

The affidavit of Irving Wise shows that on or about November 1, 1946 he sent a letter containing an order for sulfur black accompanied by a yellow copy for which return was requested. The copy was not returned. In a telephone conversation on or about November 18, 1946 Mr. Shusteroff said he had bought the 50,000 lbs. of sulfur black and he would require $15,000 to $25,000. Later Wise called Shusteroff and said he was able to obtain only $5,000. Mr. Shusteroff then said he would go ahead with the order. On November 19, 1946 Wise sent a check for $5,000 which was received by defendant on November 20, and deposited on November 21.

The ground of rescission is based on the testimony of Irving Wise taken before a Master in Chancery of New Jersey in which he said that he received a check from the defendant for $5,000 on January 8th which he deposited to his account then mailed a check for the same amount to his customer.

So far as the ground of illegality is concerned there appears to be a genuine issue as to a material fact namely whether the alleged contract was entered into before or after decontrol of sulfur black. Although the complaint alleges that the contract was entered into on or about November 1, the affidavit of Irving Wise shows facts from which it could be inferred that the contract was entered into on a date after the commodity had been removed from price control. It has been said that if facts appear in affidavits which would justify an amended complaint, there may be ground for treating the complaint as though it were already amended to conform, Seaboard Terminals Corporation v. Standard Oil Co. of New Jersey, 2 Cir., 1939, 104 F.2d 659, and in Downey v. Palmer, 2 Cir., 1940, 114 F.2d 116, it was held that a district court should not have summarily dismissed a complaint where it appeared that a cause of action may have existed if the complaint were reframed. No request to amend the complaint is yet properly before the court, however, in the present posture of the case the entry of a summary judgment in favor of defendant would not be proper since there seems to exist a genuine issue as to a material fact.

Similarly as to the question of rescission there is an issue as to whether Wise intended to rescind the contract by his acceptance of the returned deposit money. The court cannot say as a matter of law from the record before it that defendant is entitled to judgment.

Motion denied.