## McLAIN v. JARECKI.
### No. 50 C 450.

United States District Court
N. D. Illinois, E. D.
June 2, 1952.

Hopkins, Sutter, Halls, DeWolfe & Owen, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This is a suit to recover federal estate taxes which the plaintiff alleges were erroneously collected by the defendant. The plaintiff also seeks to require the defendant to allow certain deductions from the decedent's gross estate. The matter is now before the Court on plaintiff's motion for summary judgment.

The decedent was a contingent beneficiary of a trust created by his spouse, and the defendant has included the corpus of said trust in decedent's gross estate. In an affidavit submitted with defendant's statement opposing motion for summary judgment, it is alleged that decedent and his spouse created "reciprocal trusts," and so, defendant contends, the corpus of the trust created by decedent's spouse is properly taxable to decedent. This argument is not contained in the answer, and so plaintiff urges it should not be considered in ruling on his motion for summary judgment.

The allegations in defendant's affidavit raise a genuine issue as to a material fact, and cast doubt on whether plaintiff is entitled to judgment as a matter of law. Issues of fact or law raised in affidavits must be considered when ruling on a motion for summary judgment, even though such issues are not contained in the formal pleadings. Rossiter v. Vogel, 2 Cir., 1943, 134 F.2d 908. For the purposes of trial, however, all issues of fact must appear in the pleadings. Campana Corp. v. Harrison, 7 Cir., 1943, 135 F.2d 334.

Plaintiff's motion for summary judgment is denied.

Defendant is ordered to amend his answer within twenty days hereof.