GARFORD TRUCKING COMPANY, INC., Plaintiff, *v.* JOSEPH F. POPP, Defendant.

Supreme Court, Special Term, New York County, November 5, 1952.

*John P. Smith* for defendant.

*Herman Haken* for plaintiff.

GAVAGAN, J. This is a motion to dismiss the complaint upon the ground that the action is barred by the Statute of Limitations of the State of Connecticut, where the cause of action arose. On November 27, 1949, a collision occurred on a public highway in Greenwich, Connecticut, between motor vehicles owned by the respective parties. The plaintiff is a New Jersey corporation. The residence of the defendant is not pleaded or disclosed, although he was eventually served in this State on August 1, 1951.

Since the plaintiff is not a resident of New York, it is fundamental that the action is barred here if it is barred in the State where the cause arose. (Civ. Prac. Act, §13; *National Sur. Co.* v. *Ruffin,* 242 N. Y. 413.) From all the papers before me, and in the absence of any suggestion therein that the defendant ever was a resident of Connecticut, it appears that he was a nonresident motorist of that State at the time of the accident.

In *Tublitz* v. *Hirschfeld* (118 F. 2d 29) the Circuit Court of Appeals, Second Circuit, succinctly stated the law of Connecticut, applicable here, as follows: " In Connecticut a cause of action based on negligence must be brought within one year from the date of the injury or neglect complained of. Conn. Gen. Stat. § 6015 [now § 8324]. But in computing the time limited, the period during which the defendant is absent from the state is to be excluded. Conn. Gen. Stat. § 6022 [now § 8330]. Although the defendants have been continuously absent from Connecticut since the date of the accident, they say that the plaintiff's cause of action is not saved by section 6022 because service could have been made upon them at any time within the year by serving the Connecticut commissioner of motor vehicles pursuant to section 5473 [now § 7779] of the General Statutes. This position is sustained by *Coombs* v. *Darling,* 116 Conn. 643, * * * which is conclusive upon federal courts as to the meaning of the Connecticut statutes."

Though the Connecticut statutes have since been renumbered, their substance and effect have remained constant and they are controlling over such an action as found here. The motion to dismiss the complaint is accordingly granted.