**PUBLIC ADMINISTRATOR OF NEW YORK COUNTY, as Administrator of the goods, chattels and credits which were of Adrienne Dukas, Deceased, Plaintiff,**

v.

**CURTISS–WRIGHT CORPORATION, Defendant.**

**Maurice BERG, Plaintiff,**

v.

**CURTISS–WRIGHT CORPORATION, Defendant.**

United States District Court
S. D. New York.
Dec. 5, 1963.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for Public Administrator of New York County; Theodore H. Friedman, New York City, of counsel.

Begun Brothers, New York City, for plaintiff Maurice Berg; Paul Cherin, New York City, of counsel.

Mendes & Mount, New York City, for defendant; Matthew J. Corrigan, New York City, of counsel.

COOPER, District Judge.

Plaintiffs move for leave to amend their complaints pursuant to Rule 15 of the Federal Rules of Civil Procedure. These actions, together with other related suits, have been consolidated for trial. They arise out of the crash of a Braniff Airways passenger plane at Miami, Florida, on March 25, 1958. The defendant, Curtiss-Wright Corp., was the manufacturer of the aircraft engines used in the ill-fated airplane, constructed by Douglas Aircraft Company and sold to Braniff.

Curtiss-Wright was sued by both plaintiffs in an action sounding in negligence commenced on March 24, 1960. Notes

of Issue were filed on December 8, 1961. Plaintiffs now seek to amend their original complaints to include a cause of action for breach of implied warranties of fitness and merchantability of the airplane engine.

Defendant opposes these motions on two grounds. First, it is claimed that plaintiffs are barred from the relief sought by reason of their long delay in bringing on a motion of this type.

■■ It is clear that in the light of prior decisions of this court, we could deny this application under the doctrine of laches. Portsmouth Baseball Corp. v. Frick, 21 F.R.D. 318 (S.D.N.Y.1958). A finding of laches is within the sound discretion of the court. McHenry v. Ford Motor Co., 269 F.2d 18 (6th Cir., 1959). However, delay alone is not usually sufficient to deny the requested relief. The defendant must show that it will be prejudiced if the leave to amend is granted. Dombrovskis v. Murff, 24 F.R.D. 302 (S.D.N.Y.1959); Fli-Fab, Inc. v. U. S., 16 F.R.D. 553 (D.R.I.1954).

Defendant has already been called upon to provide itself with a defense to a breach of warranty action by virtue of Wolf v. Curtiss-Wright Corp., a case arising out of the same crash and brought in the Eastern District of New York, (Case #60–C–203). In that case, Judge Mishler granted plaintiff relief identical with that sought here, rendering defendant's claim of prejudice less persuasive than it otherwise might be.

Defendant's second contention is that the proposed causes of action are barred because the governing statute of limitations has run against them. We consider this subject in detail.

## THE APPLICABLE STATUTE OF LIMITATIONS

■ This is a diversity action requiring this court to look to New York law to determine the applicable statute of limitations. Bertha Bldg. Corp. v. National Theatres Corp., 140 F.Supp. 909 (E.D.N.Y.1956); Smith v. American Flange and Manufacturing Co., Inc., 139

F.Supp. 917 (S.D.N.Y.1956); Reiser v. Baltimore & O. R. Co., 123 F.Supp. 44 (S.D.N.Y.1954).

New York applies a six year statute of limitation to actions for personal injuries based upon breach of warranty. Blessington v. McCrory Stores Corp., 305 N.Y. 140, 111 N.E.2d 421, 37 A.L.R.2d 698 (1953). Section 213 of the CPLR has not changed this result. However, a Federal court must apply the entire statute of limitations of the state in which it sits. We are bound by Section 202 of CPLR which provides:

> "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply."

■ This is the familiar "borrowing statute" designed specifically to prevent non-residents from shopping for the forum with the most favorable statute of limitations. A New York court must, when dealing with a foreign cause of action and a non-resident plaintiff, apply the foreign limitations period, if it has already expired. We are likewise constrained. Myers v. Slotkin, 13 F.R.D. 191 (E.D.N.Y.1952).

## WHERE THE CAUSE OF ACTION AROSE

■ We must now determine in which state the alleged cause of action for breach of warranty arose. A Federal court must apply the conflict of laws rules of the state in which it sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). See also, Zuck v. Interstate Publishing Corporation, 317 F.2d 727 (2d Cir. 1963).

The New York cases discussing a cause of action for personal injuries based on a breach of implied warranty defy characterization within the classical frame-

work of "contract" or "tort" liability. Parish v. Great Atlantic & Pacific Tea Co., 13 Misc.2d 33, 177 N.Y.S.2d 7 (1958); Blessington v. McCrory Stores Corp., supra. However, the conflict of laws rules of the forum eliminate the need for a strict classification of the cause of action before us. In Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963) the New York Court of Appeals applied essentially the same conflict of laws rule to a tort cause of action as it had previously applied to a contract cause of action in Auten v. Auten, 308 N.Y. 155, 124 N.E. 2d 99, 50 A.L.R.2d 246 (1954). We must look, accordingly, to the state of the "grouping of contacts" or the "center of gravity" of the transaction in question.

■ It appears that the engine was manufactured in New Jersey and sold to Douglas in California. The crash occurred in Florida, which was also the place of origin of the flight. The only contact, albeit a tenuous one, between the parties took place in Florida where the injuries were sustained. We hold, therefore, that the cause of action alleged in the amended complaint is governed by Florida law.

### THE APPLICABLE SUBSTANTIVE LAW

■ Florida courts entertain suits for breach of implied warranties of fitness and merchantability in the absence of privity. As the Florida Supreme Court stated in Hoskins v. Jackson Grain Co., 63 So.2d 514, 515 (Fla.1953):

> "There is a conflict of opinion about the accountability of a manufacturer to a consumer on the theory of implied warranty in the absence of privity, but this court has become aligned with those courts holding that suit may be brought against the manufacturer notwithstanding want of privity."

Actions against manufacturers were allowed without privity in Matthews v. Launlite Co., 88 So.2d 299 (Fla.1956);

Smith v. Platt Motors Inc., 137 So.2d 239 (Ct.App.Fla.1962); Continental Copper and Steel Industries, Inc. v. "Red" Cornelius, 104 So.2d 40 (Ct.App.Fla.1958).

■ The action for breach of implied warranty has been characterized by the Florida courts as *ex contractu* rather than *ex delicto*. This is made clear by Whitley v. Webb's City, Inc., 55 So.2d 730 (Fla.1951). There, a wrongful death action for breach of implied warranty on a drug was not allowed to be maintained. The court pointed out that the wrongful death statute sounded in tort while a breach of implied warranty was contractual in nature.

The Florida legislature amended the wrongful death statute in 1953 to include actions *ex contractu* within its purview, thereby recognizing the contractual nature of a breach of warranty action imbedded in the same circumstances which gave rise to the action in tort.

Section 95.11 of the Florida Statutes Annotated requires actions on all contracts, except those on a written obligation, to be brought within three years and upon wrongful death, within two years. Thus, the time limitation which would apply to plaintiff Berg would be the three year limitation. Dukas is limited by the two year statute on wrongful death.

■ Under Florida law, a cause of action accrues when an action can be instituted thereon. Berger v. Jackson, 156 Fla. 251, 23 So.2d 265 (Fla.1945). The cause of action in this case accrued when an action could have been instituted by plaintiffs against Curtiss-Wright— March 25, 1958, the date the plane crashed. Thus it is clear that both plaintiffs are time barred from bringing an action for breach of warranty against the defendant, if the Florida statute of limitations is applied.

### THE RESIDENCY OF PLAINTIFFS

The motions to amend must be denied, unless it appears that plaintiffs were residents of New York State on the crucial date of March 25, 1958, the time of

the crash. Section 202 of the CPLR allows resident plaintiffs the benefit of the New York Statute of Limitations if it is longer than the foreign time limitation. New York's six year statute would save this cause of action. See e. g., Blessington v. McCrory Stores Corp., supra.

■■■ The burden of proving residency is upon the party seeking to take advantage of the New York statute. Whiting et al. v. Miller, 188 App.Div. 825, 176 N.Y.Supp. 639 (1919); Oglesby v. Cranwell, 250 App.Div. 720, 293 N.Y.Supp. 67 (1937).

■■■ There are many contacts with a state which, if properly proven, demonstrate residency of a party. Except for general statements by Berg's counsel in his affidavit and memorandum of law, there is no convincing proof before us of residency which would entitle plaintiffs to avail themselves of the longer New York statute.

Accordingly, absent such vital demonstration, the motions are denied.

The foregoing shall be considered an order. No settlement thereof is necessary.