Matthew J. Jasen, J.
This is a motion to dismiss the complaint and for summary judgment upon the ground that the action is barred by the Statute of Limitations of the State of Texas, where the cause of action arose.
The action is the result of an automobile accident which occurred in Corpus Christi, Texas, on October 9, 1960. At the time, plaintiff was a passenger in her father’s automobile being driven by her sister. An action was commenced against the defendants by the service of a summons on October 7, 1963.
The plaintiff at the time the cause of action accrued was a resident of California and the defendants were residents of New York. However, the plaintiff alleges in her complaint that she is presently a resident of New York.
Defendants contend that the Texas Statute of Limitations (Vernon’s Ann. Texas Stat., 1948, art. 5526) applies to plaintiff’s cause of action which provides that an action for personal injury, such as is alleged by the plaintiff, shall be commenced and prosecuted within two years after the cause of action shall have accrued.
Plaintiff asserts that the New York Statute of Limitations of three years is applicable because the plaintiff is now a resident of New York and, further, that the Texas two-year Statute of Limitations is tolled where a defendant is out of the State of Texas at the time when the action accrued or at any time during which the action might have been maintained. Plaintiff states that the defendant, Gloria Cellura, the driver of the vehicle, never returned to.Texas after the accident and the defendant, Joseph Cellura, the owner of the vehicle was never present in Texas.
Upon the facts and circumstances presented here, this court is of the opinion that the Texas two-year Statute of Limitations applies and that the statute was not tolled.
Plaintiff’s cause of action accrued on October 9,1960, the date of the accident and injury. The action was not commenced until October 7, 1963, which is more than two years after the accrual of said cause of action.
At the time the cause of action accrued, the plaintiff was a resident of California, and cannot avail herself of the provisions of CPLE 202 which would apply if the cause of action originally accrued in favor of a resident of New York. Her subsequent residence in New York does not satisfy the statutory requirement of residence on the crucial date of October 9,1960, the time *776 of the accident. (Public Administrator, of N. Y. County v. Curtiss-Wright Corp., 224 F. Supp. 236. See, also, Garford Trucking Co. v. Popp, 203 Misc. 554.)
The theory of any Statute of Limitations is to require the commencement of an action within a prescribed time from its accrual. In cases where process against persons and corporations cannot be served personally because of their nonresidence or absence from the .State, the law provides a remedy.
Article 2039a of Vernon’s Texas Statutes provides for substituted service upon the Chairman of the State Highway Commission- where a defendant is either a nonresident motor vehicle operator or owner, or a resident operator or owner who subsequently removes from the State.
In like manner, sections 253 and 254 of the Vehicle and Traffic Law provides for substituted service in New York.
It is well-settled law that where there is a provision for substituted service such as provided by statute in New York and Texas, the provision has the effect of nullifying any statute suspending or tolling the period of limitation. (Tublitz v. Hirschfeld, 118 F. 2d 29 [C. C. A. 2d]; Garford Trucking Co. v. Popp, supra; Ann. 17 ALR 2d 502, 516.)
It follows that the Texas Statute of Limitations applies and the suit is barred.
Motion for summary judgment is granted.