**John BOUTIN, Plaintiff,**

v.

**Peter C. CUMBO, Defendant.**

**No. 65 Civ. 3857.**

United States District Court
S. D. New York.

Aug. 31, 1966.

Bachner, Tally & Mantell, New York City, for plaintiff.

Edward A. Harmon, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

Defendant moves herein for summary judgment and to dismiss the complaint pursuant to Rule 56(b) of the Federal Rules of Civil Procedure on the grounds that the cause of action as stated in the complaint is barred by the applicable statute of limitations. There are no material facts as to which plaintiff contends there exists a genuine issue to be tried, the issue resolving itself into a pure question of law. The following pertinent facts are not disputed.

Plaintiff was and is a citizen of the State of Michigan, and defendant was and is a citizen of the State of New York. The motor vehicle accident on which plaintiff predicates his action occurred on December 22, 1963 on a public highway known as Highway No. 401 in Middlesex County, Ontario, Canada. Plaintiff, a pedestrian, allegedly was struck by defendant's automobile while plaintiff was standing off the side of the highway.

Defendant has never maintained a residence nor been a resident of Canada, and, more particularly, of the Province of Ontario, has never spent an overnight period in Canada, and the occasions when he was in Canada have been brief and transitory in nature while traveling from one point in the United States to another. Section 147(1) of the Ontario Highway Traffic Act, Ont.Rev.Stat. c. 172, § 147 (1) (1960) (as amended), reads as follows:

"Subject to subsections 2 and 3 [not pertinent hereto], no action shall be

brought against a person for the recovery of damages occasioned by a motor vehicle after the expiration of twelve months from the time when the damages were sustained." (Matter in brackets added.)

The complaint herein was filed in this Court on December 20, 1965, and the action accordingly was commenced on that date, almost two years after the date of the accident.

■ This is a diversity action brought by a non-resident plaintiff against a resident defendant. Being a diversity action, this Court must look to New York law to determine the applicable statute of limitations. Public Adm'r of New York County v. Curtiss-Wright Corp., 224 F.Supp. 236, 238 (S.D.N.Y. 1963) and cases cited therein. New York applies a three-year statute of limitations to actions for personal injuries (C.P.L.R. § 214). However, this Court must apply the entire statute of limitations of the forum state. New York has a "borrowing statute" designed specifically to prevent non-residents from shopping for the forum with the most favorable statute of limitations. Section 202 of C.P.L.R. provides:

An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

■ Where, as here, the cause of action arose outside of the State of New York in favor of a non-resident of New York, the statute of limitations of Ontario, the place where the cause arose, must be applied in this Court in a diversity action as a constitutional mandate. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We are not concerned herein with a conflict between State and Federal matters of procedure—cf. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)—but with a statutory conflicts rule of choice of law. Rieser v. Baltimore & O. R. R., 123 F. Supp. 44 (S.D.N.Y.1954), aff'd, 228 F.2d 563 (2d Cir. 1955), cert. denied, 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868 (1956). While it is possible that the highest court in the State of New York might "consider a cause of action as 'arising' for the purposes of the borrowing statute in a state different from the one whose substantive law would determine liability"— George v. Douglas Aircraft Co., 332 F.2d 73, at 78 (2d Cir.), cert. denied, 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964) —on the basis of the reasoning in Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R. 2d 1 (1963), the facts in the present case would not, in my opinion, warrant a finding that the cause of action herein arose elsewhere than in Ontario, the only "contact" with New York being defendant's residence.

It seems clear that the Ontario statute of limitations is procedural rather than a substantive condition of the right of action. Goodwin v. Townsend, 197 F.2d 970, 972 (3d Cir. 1952).[1] Accordingly,

1. Goodwin v. Townsend, supra, while analogous to the instant case, is distinguishable in that defendant did not plead the Pennsylvania statute of limitations or its "borrowing statute" or attempt to do so, but relied on the Ontario statute as a limitation upon the continued existence of the right of action. As the Court stated, "if the defendant had sought by her motion, which she did not do, to set up the Pennsylvania Borrowing Statute of Limitations, as a defense after the trial had begun and after the plaintiff had rested his case we would be compelled to affirm the trial judge's refusal of her motion. For it could hardly be an abuse of the discretion which is vested in the district court with respect to the amendment of pleadings at such a late stage of the proceeding to refuse to permit the

this Court must apply the statute of limitations of the forum state. However, as previously noted, the "borrowing statute" is a part of that statute of limitations. Accordingly, I hold that the Ontario 12-month statute of limitations is applicable.

However, in applying the Ontario statute, this Court must take into account all its accouterments and disabilities, including the possible tolling of the statute by reason of defendant's absence from the Province of Ontario since the date of the accident. Cellura v. Cellura, 45 Misc.2d 774, 257 N.Y.S.2d 458 (Sup. Ct.), modified and aff'd, 24 A.D.2d 59, 263 N.Y.S.2d 843 (4th Dep't 1965).

Accordingly, it must be determined whether the absence of defendant from the Province of Ontario subsequent to the accident tolled the 12-month statute of limitations. This Court must, of course, take judicial notice of the "laws of foreign countries or their political subdivisions * * * if a party requests it, *furnishes the court sufficient information to enable it to`comply with the request,* and has given each adverse party notice of his intention to request it." Rule 4511(b) of C.P.L.R.: Rule 43(a) of the Federal Rules of Civil Procedure. (Emphasis added.) Defendant has cited the provisions of the Ontario Highway Traffic Act hereinbefore quoted. In turn, plaintiff has quoted from various authorities to the effect that a statute of limitations is tolled by absence "beyond the seas," a traditional descriptive term of art encompassing absence of a defendant outside of the Province. No statute or authority is cited as tolling the particular statute of limita-

tions of the Province of Ontario involved herein. Neither party has cited that portion of the Ontario Highway Traffic Act. Ont.Rev.Stat. c. 172, § 107 (1960) (as amended), by which use of the highway by a non-resident constitutes the Registrar as agent for such user for service of process in an action in Ontario arising out of a motor vehicle accident in that Province. Nor is any authority cited for the proposition that such a statute would prevent a tolling of the statute, assuming there would otherwise be such a tolling. For this Court to take judicial notice of the applicable law of Ontario relative to the·tolling or non-tolling of the 12-month statute of limitations on the basis of the present record would constitute an abuse of discretion. Walton v. Arabian Am. Oil Co., 233 F.2d 541 (2d Cir.), cert. denied, 352 U.S. 872, 77 S.Ct. 97, 1 L.Ed.2d 77 (1956); Telesphore Couture v. Watkins, 162 F.Supp. 727 (E.D.N.Y.1958).

No prejudice to defendant will be incurred at this stage of the proceedings if plaintiff is permitted to offer adequate evidence as to any tolling of the particular statute of limitations involved herein by reason of defendant's absence from Ontario, with defendant at liberty to show the effect on such tolling of any Ontario statute providing for substituted service of process on a non-resident operator of a motor vehicle. Cellura v. Cellura, supra.

Accordingly, defendant's motion for summary judgment is denied without prejudice· to renewal upon sufficient proof of the alleged applicable provisions of the laws of the Province of Ontario. Telesphore Couture v. Watkins, supra.

It is so ordered.

introduction of a defense which had been waived by failure to assert it in the original answer." 197 F.2d at 971–972.

In Baldwin v. Brown, 202 F.Supp. 49 (E.D.Mich.1962), defendant unsuccessfully took the same position as plaintiff in *Goodwin* as to the nature of the Ontario statute, the Court relying on *Goodwin.* No mention was made of a Michigan borrowing statute.

In the instant case, while the answer does not identify the particular statute or statutes of limitation involved, the defense is pleaded and subsequent papers on file make it clear that the Ontario statute and C.P.L.R. 202 are the pertinent laws. Under Rule 56(b) the Court may consider· such supplemental affidavits and supporting papers.