## Allen, Appellant, v. Carr.

Argued April 27, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*R. Goldstein*, with him *Louis Goldhirsh*, and *Goldhirsh & Goldstein*, for appellant.

*Michael Shekmar*, for appellees.

OPINION PER CURIAM, September 26, 1967:
Judgment affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

This case presents to our Court a matter which for us, although not for the federal courts, is one of first impression. Rule 1035(b) governing summary judgments, effective May 9, 1966 and applicable to actions pending at that time, adopts verbatim the following sentence from Rule 56(c) of the Federal Rules of Civil Procedure: "The judgment sought shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." The appellee moved for summary judgment under Rule 1035 and was successful in the court below, the Court of Common Pleas of Philadelphia County. I believe that summary judgment should not have been granted.

Appellant's complaint alleged that on September 8, 1962, at approximately 11:50 p.m., appellee Robert Witlin parked a 1961 Chevrolet on 21st Street between St. James Street and Locust Street. The automobile, which Witlin had leased from appellee Modern Auto Leasing Corp., was allegedly driven by one Carr in a negligent manner striking appellant's decedent. Appellees Witlin and Modern Auto filed an answer denying that the automobile had been left unlocked with the ignition in a position to be activated without a key and also denying that Witlin was the agent of Modern Auto. Both appellees then moved for summary judgment.

The court below granted the requested judgment, holding that *Liney v. Chestnut Motors, Inc.,* 421 Pa. 26, 218 A. 2d 336 (1966), mandated this result. *Liney,* in conjunction with *Anderson v. Bushong Pontiac Co.,* 404 Pa. 382, 171 A. 2d 771 (1961), details the facts plaintiff must allege and prove to recover where defendant's automobile is stolen and the thief then negligently operates the stolen vehicle: (1) The defendant, or his employee, servant or agent, negligently so placed the automobile that it was foreseeable it would be stolen; and (2) The defendant should have foreseen that the vehicle would be taken by an incompetent or careless driver.

Although appellant's complaint clearly alleges that appellees were negligent in leaving the automobile in such a condition that theft was likely, it is arguable that the complaint is defective in failing to allege sufficient facts to raise a genuine issue whether appellees should have foreseen that the vehicle would be taken

by an incompetent or careless driver.[1] However, appellant's affidavit opposing the motion for summary judgment does contain the following: "Plaintiff avers that the neighborhood in the vicinity of 21st Street, between St. James Street and Locust Street, Philadelphia, was, at the time of the accident a neighborhood with high incidents [sic] of thefts and juvenile delinquency, and was, at that time, inhabitated [sic] by a large number of drunks and undesirables." Such an allegation if proved at trial would be sufficient, even under *Liney,* to submit to the jury the issue of the foreseeability of theft by an incompetent driver, and would create under Rule 1035(b) a genuine issue of fact preventing the grant of summary judgment.[2]

The issue thus posed is whether legally insufficient allegations in a complaint can be cured by affidavits presented in the summary judgment proceeding as well as the subsidiary question whether, if the allegations can be so cured, what disposition should be made by the trial court. Federal courts have faced this problem and uniformly decided that insufficient allegations can be so cured. See, e.g., *Rossiter v. Vogel,* 134 F. 2d 908,

---

[1] The complaint asserts that appellees were negligent "in having knowledge or reason to know of the danger created by leaving said vehicle unlocked and in a position to be easily taken in said neighborhood, causing injury to others lawfully upon the highway." The character of "said neighborhood" is not specified.

[2] "On summary judgment the inferences to be drawn from the underlying facts contained in such materials [presented in opposition to the grant of summary judgment] must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Certainly, viewing appellant's statement in its most favorable light, it was sufficient to create a material issue of fact as to the character of the neighborhood in the 21st and Locust Streets area. See also *Fairbanks, Morse & Co. v. Consolidated Fisheries Co.,* 190 F. 2d 817, 824 (3d Cir. 1951) ; *Toebelman v. Missouri-Kansas Pipe Line Co.,* 130 F. 2d 1016, 1018 (3d Cir. 1942).

912 (2d Cir. 1943) (CLARK, J.) ; *Delson v. Minogue,*
190 F. Supp. 935, 937 (E.D.N.Y. 1961) ; *McLain v.
Jarecki,* 107 F. Supp. 148, 149 (N.D. Ill. 1952) ; *Kane
v. Chrysler Corporation,* 80 F. Supp. 360, 366 (D. Del.
1948). The court in *Kane,* supra at 366, insisted: "Be-
cause the affidavits set out a state of facts from which
it may be possible to frame a valid complaint, the mo-
tion for summary judgment should not be granted."
See, also, 6 Moore's Federal Practice ¶56.11[3], at 2175
(1966). Since our Rule 1035(b) is identical to Fed-
eral Rule 56(c), reference to federal cases is certainly
appropriate; and, in this instance, these cases are per-
suasive. Not only does the language of Rule 1035(b)
dictate a holding that the affidavits alone may raise
a genuine issue of material fact, but also to deprive a
party of a right to trial where it is obvious that a good
cause of action can be stated would not be productive
of substantial justice. Chief Judge HUTCHESON in
*Gray Tool Co. v. Humble Oil & Refining Co.,* 186 F. 2d
365 (5th Cir.), cert. denied, 341 U.S. 934, 71 S. Ct.
854 (1951), characterized the proper trial court atti-
tude in approaching a motion for summary judgment:
"[T]his is another of those all too numerous instances
of the misuse of the summary judgment procedure to
cut a trial short; . . . here, as so often before, it has
served only to prove that short cutting of trials is not
an end in itself but a means to an end, and that in the
conduct of trials, as in other endeavors, it is quite often
true that the longest way around is the shortest way
through."

The federal courts have consistently held in identi-
cal situations that, after denial of the motion for sum-
mary judgment, the nonmoving party should be given
an opportunity to amend his pleading. See *Rossiter
v. Vogel,* supra; *Seaboard Terminals Corporation v.
Standard Oil Co. of New Jersey,* 104 F. 2d 659 (2d Cir.
1939) ; *Wise v. McCarty Aniline & Extract Co.,* 9

F.R.D. 170 (D.N.J. 1949).[3] The same result would obtain under our cases. Where there appears a possibility of recovery under a better statement of facts, we have insisted that entry of summary judgment was improper and that an opportunity to amend must be given. See, e.g., *Quaker City Chocolate and Confectionery Company v. Dehli-Warnock Building Association*, 357 Pa. 307, 312, 53 A. 2d 597, 600 (1947) (and cases cited therein); compare *Lehner v. Montgomery*, 180 Pa. Superior Ct. 493, 501, 119 A. 2d 626, 630 (1956). As stated in *Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 24, 218 A. 2d 350, 351-52 (1966): "It has long been the law in this Commonwealth that an amendment to the pleadings is a matter of judicial discretion. [Citation omitted.] By the same token, it is equally well established that such amendments should be liberally allowed except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law."

I believe that granting leave to amend would not have worked to appellant's prejudice or surprise and I know of no rule of law prohibiting amendment in the instant situation. The correct disposition of this litigation would be a reversal of the summary judgment granted below and a remand permitting appellant to amend its complaint within a time limit prescribed by the court below.[4]

---

[3] Professor Moore states: "As illustrative of the rule generally pertaining to granting leave to amend, a complaint should not be summarily dismissed if there is reasonable ground for the belief that in the reframing of the complaint a good cause of action may be stated." 6 Moore's Federal Practice ¶56.10, at 2127 (1966).

[4] The record is unclear whether appellant requested an opportunity to amend his complaint, but he has so indicated in his brief. We have in the past given counsel an opportunity to amend where judgment was improperly entered on the pleadings although he apparently did not make such a request below. See *Nederostek v. Endicott-Johnson Shoe Co.*, 415 Pa. 136, 139, 202 A. 2d 72, 73 (1964).

602

Accordingly, I dissent.

Mr. Justice JONES joins in this dissenting opinion.