**John BOUTIN, Plaintiff,**

v.

**Peter C. CUMBO, Defendant.**

**John BOUTIN, Plaintiff,**

v.

**Richard C. CUMBO, Defendant.**

**Nos. 65–Civ. 3857, 66–Civ. 4416.**

United States District Court
S. D. New York.

Dec. 14, 1967.

Bachner, Tally & Mantell, New York City, for plaintiff; by H. Richard Penn, New York City, of counsel.

Edward A. Harmon, New York City, for defendant; by James A. Travis, New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

This is a motion pursuant to Rule 56 (b), Fed.R.Civ.P., for summary judgment and to dismiss the complaint on the ground that the cause of action as stated in the complaint is barred by the applicable period of limitations. This is the second such motion made by defendants.[1]

The facts have been outlined in the first summary judgment motion, Boutin v. Cumbo, 259 F.Supp. 12 (S.D.N.Y. 1966), and need not be related here. There Judge Tenney denied the defendant's motion "without prejudice to renewal upon sufficient proof of the alleged applicable provisions of the laws of the Province of Ontario." Id. at 14. In the course of reaching that conclusion, Judge Tenney found the following: 1.

it being a diversity action, this court must look to the New York law to determine the applicable statute of limitations; and 2. the New York "borrowing statute" (§ 202 N.Y.C.P.L.R.) mandated the Ontario one year statute of limitations be applied in this case. See § 147 Highway Traffic Act, Rev.Stat.Ont. c. 172 § 147(1) (1960). The question which remains for us to determine is whether the defendants' absence from Ontario following the accident tolled the 12 month statute of limitations. Although there is no Ontario case or statute clearly dispositive, it is our view that if the Ontario courts were to pass upon this question, they would hold that the statute was not tolled. See Bealle v. Nyden's, Inc., 245 F.Supp. 86, 90 (D.Conn.1965).

▪ Plaintiff argues that the statute is tolled because the defendants were "beyond the seas"—a traditional term of art referring to the defendants' absence from the jurisdiction. See Commercial Securities Corp., Ltd. v. Daires [1937] 2 W.W.R. 25, 26; Canadian Encyclopedic Digests, 184.

To reach this common law rule which he believes will toll the one year limitation set forth in The Highway Traffic Act the plaintiff must circumnavigate the ordinary tolling provision applicable in personal actions. Section 48, Statute of Limitations, Rev.Stat.Ont. c. 214 § 48 (1960). Section 45(2), Statute of Limitations, Rev.Stat.Ont. c. 214 § 45(2) (1960), provides that "nothing in this section [45] extends to any action where the time for bringing the action is specially limited." Section 48 of the Statute of Limitations is made applicable by its terms to actions enumerated in §§ 45 and 46 (i. e., personal actions).[2] Plaintiff suggests that since § 147 of the Highway Traffic Act provides a specific time limitation on the bringing of an ac-

---

1. The motion before Judge Tenney involved only defendant Peter Cumbo. Subsequent to Judge Tenney's decision, Richard Cumbo, the alleged owner of the automobile being operated by Peter Cumbo, was added as a defendant. However, as his liability, if any, is derivative, this does not affect the substance of this motion.

2. "If a person against whom a cause of action mentioned in section 45 or 46 accrues is at such time out of Ontario, the person entitled to the cause of action may bring the action within such times as are before limited after the return of the absent person to Ontario."

tion for injury on the highway, a traffic accident is not a cause of action enumerated in § 45 or 46 and thus the tolling provisions can have no application in this case.

We do not believe that Ontario courts would read these statutes in such a fashion. It has been held that automobile collisions on the highway should be treated as actions of negligence and nothing else and therefore within the class which formerly would have been brought in the form of action called trespass on the case. This means that the present action is one enumerated in § 45(1) (g) unless the proscription in § 45(2) removes it. See § 45(1) (g) of The Statute of Limitations, Rev.Stat.Ont. c. 214 § 45(1) (g) (1960); Eisner v. Maswell, 28 M.P.R. 213 [1951] 3 D.L.R., reversing [1951] 1 D.L.R. 816 (N.S.C.A.). From examination of the language in § 45 generally it appears that the proscription in § 45 (2) refers to the specific periods of limitation set out in the body of § 45 rather than the substantive causes of action enumerated therein. This view seems to enjoy support in the Ontario courts where a court has read language in § 47 (which is virtually identical to language in § 48) of the Statute of Limitations, Rev.Stat.Ont, c. 214 § 47 (1960), as being of general application and not subject to § 45(2). See Martin v. Kingston City Coach Co. [1946] O.W.N. 915 [1947] 1 D.L.R. 367, aff'd [1947] O.W.N. 110 [1947] 1 D.L.R. 864 (C.A.). By parity of reasoning the conclusion is inescapable that if any tolling provision is applicable to motor vehicle torts, it is § 48.

■ Dealing now with the question of whether § 48 tolls the one year limitations period set forth in § 147(1) of the Highway Traffic Act, we find it does not. While there appear to be no cases discussing the relationship of § 48 to motor vehicle torts, there is a strong policy against allowing a toll or interruption in the short period allotted for the bringing of an action based on an automobile accident. Cf. Rowley v. Dancsak (Co. Ct.) [1955] 1 D.L.R. 636 [1954] O.W.N. 720. In Martin v. Kingston City Coach Co., supra, the lower court was of the opinion that § 147(1) of the Highway Traffic Act superseded the general policy expressed in § 47 of allowing infants to bring actions upon reaching their majority. If the policy expressed in § 147 is sufficiently strong to compromise an infant's action, the inference seems inescapable that it is sufficiently strong to prevent a toll under the present circumstances.[3]

This conclusion gains in persuasiveness when we examine § 107, Highway Traffic Act, Rev.Stat.Ont. c. 172, § 107 (1960). This section authorizes service on the Registrar of Ontario as agent for the nonresident defendant, provided a $200 bond is posted for security and notice is sent to the nonresident by registered mail. Although neither party has cited any Ontario cases interpreting this provision, in jurisdictions having a statute equivalent to the one in question the majority of courts have held that such a provision has the effect of nullifying any statute tolling the period of limitations. See 17 A.L.R.2d 502, 516–518 (1951); 119 A.L.R. 859 (1938); 2 A.L.R. 2d, Later Case Service 978 (1965). But see, e. g., Blackmon v. Govern, 138 F. Supp. 884 (D.N.J.1956) (applying New Jersey law). The majority of the courts treating this problem have reasoned that a tolling provision is designed to prevent a defendant from frustrating a plaintiff's action by absenting himself from the jurisdiction during the period of limitations. See, e. g., Snyder v. Clune, 15 Utah 2d 254, 390 P.2d 915 (1964). As

3. Assuming, arguendo, that the policy of the Highway Traffic Act should not be read so as to prevent a toll, the question of whether § 48 operates to prevent the normal running of the period of limitations becomes significant. In addition to the policy argument involving § 107, Highway Traffic Act, Rev.Stat.Ont. c. 172, § 107 (1960), see infra at pp. 225, 226, it appears that Ontario courts have interpreted § 48 as inapplicable to nonresident defendants. See Clemens v. Brown & Int'l Nickel Co. of Canada, Ltd. (1958) 13 D.L.R.2d 488 (C.A.) (semble).

§ 107 of the Highway Traffic Act allows for extraterritorial service of process, the main reason for suspension of the statute of limitations is extinguished. Coupling this with the expressed Ontario policy calling for expeditious determination of liability in motor vehicle torts, we find clear evidence for the conclusion that Ontario courts would make a similar determination if faced with this question.

Of course, this court realizes that our determination is likely to foreclose the bringing of any action by this plaintiff based on this accident. However, we are bound to follow the law and believe it to be clear that Ontario would not permit its statute of limitations to be tolled in the present case. While this result is unfortunate, it should in no way reflect adversely upon counsel for the plaintiff in this motion who received the case after the one year period had run and who submitted a careful and thorough brief in their attempt to salvage the action.

In accordance with the foregoing, the defendants' motion under Rule 56 is granted and the plaintiff's action is dismissed.

So ordered.