John W. Sweeny, J.
Plaintiff’s motion to reargue the undersigned’s decision dated September 15,1972 which granted defendant’s motion to dismiss this personal injury action based on CPLR 202, with leave to replead upon proper affidavits, is granted.
Some months prior to the alleged injury plaintiff alleges that she and a friend rented an apartment in Newburgh, New York while they were actually domiciled in the State of Florida. In June of 1969 plaintiff’s friend moved to Newburgh taking with him most of the plaintiff’s belongings. However, due to personal problems, .among them the death of her brother in Florida, it was not until September 27, 1969 that the plaintiff gave up all indicia of her Florida domicile and boarded defendant’s New York bound bus in Florida. Defendant does not dispute the fact that it was plaintiff’s intention to give up her Florida domicile and to assume a New York domicile. The following day plaintiff was injured when defendant’s bus was involved in an accident in the State of Virginia.
After the accident plaintiff continued to New York and took up residence in Newburgh in the apartment which had been rented several months before the accident. .She continued to occupy the same apartment to the date of this motion.
The plaintiff did not institute this personal injury action until some 2 years and 11 months after the Virginia accident. Defendant relying on New York’s “ borrowing ” statute (CPLR 202) moved to dismiss based on Virginia’s two-year Statute of Limitations. (Code of Va., § 8-24). Defendant’s contention, unanswered on the original motion by an affidavit of merits, was that plaintiff did not become a resident >of New York until after the occurrence in question (cf. Cellura v. Cellura, 24 A D 2d 59). The original motion was granted due to the absence of plaintiff’s affidavit.
An exception to the application of the borrowing statute’s shorter 'Statute of Limitations occurs when the cause of action “ accrued in favor of a resident of the state. ” The word “ resi *111 dent ” has most recently been interpreted to mean domiciliary (Banasik v. Reed Prentice Div. of Package Mach. Co., 34 A D 2d 746; McKinney’s Cons. Laws of New York, Book 7B, CPLR 1 to 300, McLaughlin Commentary, pp. 81-82).
The plaintiff was en route to an intended domicile in New York when the accident occurred. The “ domicil of one who is in itinere from old to a new home continues to be the old domicil until the new is reached ” (17 N. Y. Jur., Domicil and Residence, § 26; see, also, State of Colorado v. Harbeck, 189 App. Div. 856, revd. on other grounds 232 N. Y. 71).
As narrowly as this exception for the benefit of a New York domicile has been applied to this statute, the court does not believe that it was the Legislature’s intent to deny a plaintiff the benefit of New York’s three-year Statute of Limitations under the rather unique circumstances of this case. In Cellura v. Cellura (24 A D 2d 59, supra), the plaintiff apparently had no connection whatsoever with New York State at the time of the “ occurrence.” In Banasik v. Reed Prentice Div. of Package Mach. Co. (34 A D 2d 746, supra) there was conclusive evidence that plaintiff had Rhode Island, rather than New York as her domicile.
Since New York’s borrowing statute was specifically designed to prevent nonresidents from shopping for the forum with the most favorable Statute of Limitations (Boutin v. Cumbo, 259 F. Supp. 12), the court believes that to mechanically apply the statute under these unique circumstances, when there is no question of forum shopping and no evidence of prejudice to defendant would be unjust and contrary to the legislative intent.
Accordingly, the court denied defendant’s motion.