**GOODWIN v. TOWNSEND.**

No. 10669.

United States Court of Appeals
Third Circuit.

Argued May 8, 1952.

Decided July 10, 1952.

Amended July 18, 1952.

John A. Spaeder, Erie, Pa. (Marsh, Spaeder, Baur & Spaeder, Erie, Pa., on the brief), for appellant.

Lewis B. Parmerton, Owego, N. Y. (Truman & Parmerton, Owego, N. Y., Wendell R. Good, Erie, Pa., on the brief), for plaintiff-appellee.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the defendant from a judgment against her entered by the

United States District Court for the Western District of Pennsylvania in the plaintiff's action to recover damages for personal injuries alleged to have been caused by the defendant's negligent operation of her automobile. The plaintiff is a citizen of the State of New York, the defendant is a citizen of the State of Connecticut, the automobile accident occurred in the Province of Ontario, and the suit was brought in a federal court sitting in the State of Pennsylvania. It is not surprising, therefore, to find that the question presented by the appeal poses a problem in the conflict of laws.

The accident occurred on August 1, 1949. The present suit was begun on December 14, 1950, more than one year but less than two years thereafter. The case came on for trial at Erie on September 24, 1951, on which day the plaintiff presented his evidence and closed his case. On the next morning, when the trial was resumed, counsel for the defendant presented a motion for leave to amend the answer so as to set up the additional defense that the suit was barred by the twelve months period of limitation contained in Section 60(1) of the Ontario Highway Traffic Act. The trial judge deferred consideration of the motion until after the defendant had closed her case. Thereupon, after hearing argument and the testimony of two Ontario lawyers as to the law of the province, the trial judge denied the motion as both improper and untimely. Denying the defendant's request for a directed verdict he submitted the case to the jury who found a verdict in favor of the plaintiff for $3,910 upon which judgment was entered. A motion by the defendant for judgment n.o.v. or a new trial was denied and the present appeal was then taken.

The defendant contends that the district court erred in refusing her leave to amend her answer so as to set up the bar of the Ontario statute of limitations as a defense and that the court also erred in refusing her. request for a directed verdict since, as she alleges, the Ontario statute is a limitation upon the right rather than a bar to the remedy, so that no right to sue anywhere upon plaintiff's cause of action remained after August 1, 1950, twelve months after the date of the accident. This defense, she argues, was sufficiently pleaded by the allegation of her answer that the complaint as amended failed to state a claim against her upon which relief could be granted.

■ We think that the defendant is right in her contention that the allegations of her answer were sufficient to raise the defense that the plaintiff had no enforceable claim because his cause of action had expired by virtue of the operation of the Ontario statute before he brought the suit. For if a statute of limitations is thus made a limitation upon the continued existence of the right, rather than a mere bar to suit upon it, it goes to the substance of the plaintiff's claim so that he must show himself to be within the statute in order to recover and the defendant, therefore, need not specially plead the defense under Civil Procedure Rule 8(c), 28 U.S.C. Matheny v. Porter, 10 Cir., 1946, 158 F.2d 478; Berry v. Heller, D.C.E.D.Pa.1948, 79 F.Supp. 476.

■ The rule of pleading thus advanced by the defendant, with which we agree, is, however, wholly inconsistent with her contention that the court erred in denying her motion for leave to amend her answer so as to set up specifically the defense of the statute of limitations. For if, as she asserts, the Ontario statute is substantive in its effect it was, according to her own argument, quite unnecessary to set it up as a defense in her answer. And if the Ontario statute is only procedural its effect would merely be to bar a suit on the plaintiff's claim in the courts of Ontario. In this suit, however, the federal district court was bound only by Pennsylvania procedural statutes of limitations.[1] But the defendant did not plead or seek to plead any Pennsylvania statute of limitation as a defense. The court, therefore, did not err in refusing leave to amend the answer. Moreover, if the defendant had sought by

1. Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

her motion, which she did not do, to set up the Pennsylvania Borrowing Statute of Limitations,[2] as a defense after the trial had begun and after the plaintiff had rested his case we would be compelled to affirm the trial judge's refusal of her motion. For it could hardly be an abuse of the discretion which is vested in the district court with respect to the amendment of pleadings [3] at such a late stage of the proceeding to refuse to permit the introduction of a defense which had been waived [4] by failure to assert it in the original answer.

We turn then to the question whether the trial judge erred in refusing to direct a verdict in the defendant's favor. The defendant sought such a directed verdict on the ground that the Ontario statute had extinguished the plaintiff's right before he sought to enforce it in this suit so that he had no subsisting claim upon which relief could be granted.

■ It is the conflict of laws rule in Pennsylvania,[5] as elsewhere,[6] that the rights and liabilities of the parties in a tort case are to be determined by the law of the place where the injury occurred. The reference is, of course, only to the substantive law of that place since the forum applies its own procedural law.[7] The trial judge rightly followed this rule by receiving evidence as to the Negligence Act of Ontario. He also, as we have indicated, received evidence as to Sec. 60 of the Ontario Highway Traffic Act,[8] upon which the defendant here relies, and which reads as follows: ·

"60–(1) Subject to the provisions of subsections 2 and 3 no action shall be brought against a person for the recovery of damages occasioned by a motor vehicle after the expiration of twelve months from the time when the damages were sustained.

"(2) Where death is caused the action may be brought within the time limited by *The Fatal Accidents Act*.

"(3) Notwithstanding the provisions of subsections 1 and 2 when an action is brought within the time limited by this Act for the recovery of damages occasioned by a motor vehicle and a counterclaim is made or third party proceedings are instituted by a defendant in respect of damages occasioned in the same accident, the lapse of time herein limited shall be no bar to such counterclaim or third party proceedings."

■ The trial judge considered the question whether this Ontario statute of limitations is substantive or procedural. Viewing it as procedural and as, therefore, not operating to extinguish the plaintiff's right, he denied the defendant's motion for a directed verdict and her subsequent motion for judgment n.o.v. In so doing he committed no error. For it is perfectly clear that the Ontario statute in question has no substantive effect but merely operates to bar suits in the courts of that province. This appears from the face of the statute itself which is framed in procedural language—"no action shall be brought"—rather than in language limiting the right. Moreover the statute did not create the plaintiff's right, a factor which has frequently been regarded as decisive of the question.[9] And finally, and most decisive of all, the statute has been specifically construed by the Court of

2. 12 P.S.Pa. § 39.

3. Stephens v. Reed, 3 Cir.1941, 121 F.2d 696.

4. Civil Procedure Rule 12(h).

5. Singer v. Messina, 1933, 312 Pa. 129, 167 A. 583, 89 A.L.R. 1271; Colonial Trust Co. v. Elmer C. Breuer, Inc., 1949, 363 Pa. 101, 69 A.2d 126.

6. Restatement, Conflict of Laws, § 378.

7. Restatement, Conflict of Laws, §§ 585, 603; Delaware, L. & W. R. R. v. Ashelman, 1930, 300 Pa. 291, 150 A. 475, 69 A.L.R. 588.

8. Revised Statutes of Ontario, 1937, c. 288, § 60, as amended by the Highway Traffic Amendment Act, 1938, c. 17, § 12.

9. See Restatement, Conflict of Laws, § 605; Goodrich, Conflict of Laws, 3d ed. § 86; Davis v. Mills, 1904, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067.

Appeal of Ontario to operate merely to bar the remedy and not to extinguish the right.[10]

The judgment of the district court will be affirmed.

10. Sauriol v. Summers [1939] Ontario Reports 253; in which the court followed with approval the opinion of the High Court in Carlino v. Zimblarte, 1927, 60 Ontario Law Reports 269, construing a prior statute in similar form.