**Morley BALDWIN, individually and as Next Friend of Patricia Baldwin, a Minor, Plaintiff,**

**v.**

**Donald BROWN, Defendant.**

**Civ. A. No. 21734.**

United States District Court
E. D. Michigan, S. D.

Feb. 8, 1962.

Richard M. Goodman, Goodman, Crockett, Eden, Robb & Philo, Detroit, Mich., for plaintiff.

Carl B. Fischer, Erickson, Dyll, Marentay & Slocum, Detroit, Mich., for defendant.

LEVIN, Chief Judge.

This is a diversity action. Plaintiffs, a father and his minor daughter, are citizens of California. Defendant is a citizen of Michigan. The complaint alleges that on July 11, 1959, defendant persuaded the minor plaintiff to consume some beer, following which he allowed her, while intoxicated, to drive his car. Driving alone, she drove the car off the road into a tree and suffered injuries. The accident and alleged beer drinking occurred in the province of Ontario, Canada. This suit was filed on October 6, 1961, by the plaintiff father on his own behalf to recover expenses incurred by him as a result of the accident and on behalf of his daughter for her damages.

Defendant has moved to dismiss the action on the ground that it is barred by an Ontario statute of limitations. The statute, section 147 of the Ontario Highway Traffic Act, (R.S.O.1960, c. 172), reads in pertinent part as follows:

"147–(1) Subject to the provisions of subsection 2 and 3 no action shall be brought against a person for the recovery of damages occasioned by a motor vehicle after the expiration of twelve months from the time when the damages were sustained."

The Michigan courts have not ruled on this question. However, in an opinion by Judge Maris, concurred in by Judges Goodrich and Hastie, the Third Circuit considered and ruled upon the question of the applicability of this section of the Ontario Highway Traffic Act in Pennsylvania. Goodwin v. Townsend, 197 F.2d 970 (3rd Cir. 1952). That was an action to recover damages for personal injuries alleged to have been caused by the defendant's negligent operation of an automobile. The plaintiff therein was a citizen of New York, the defendant, a citizen of Connecticut; the accident occurred in Ontario, and suit was brought in Pennsylvania. Plaintiff's action would not have been barred under the law of the forum (Pennsylvania law). However, defendant claimed that section 60 (now section 147) of the Ontario Highway Traffic Act required dismissal of the action. The court applied the general rule that, where a foreign statute of limitations is procedural and is not an integral condition to the rights asserted, it will not bar a suit in the forum state. It decided that the action was not barred

"for it is perfectly clear that the Ontario statute in question has no substantive effect but merely operated to bar suits in the courts of that province. This appears from the face of the statute itself which is framed in procedural language—'no action shall be brought'—rather than in language limiting the right. Moreover the statute did not create the plaintiff's right, a factor which has frequently been regarded as decisive of the question.[9] And finally, and most decisive of all, the statute has been specifically construed by the Court of Appeal of Ontario to operate merely to bar the remedy and not to extinguish the right.[10]

"9. See Restatement, Conflict of Laws, § 605; Goodrich, Conflict of Laws, 3d ed. § 86; Davis v. Mills,

1904, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067. [Footnote in original].

"10. Sauriol v. Summers [1939] Ontario Reports 253; in which the court followed with approval the opinion of the High Court in Carlino v. Zimblarte, 1927, 60 Ontario Law Reports 269, construing a prior statute in similar form. [Footnote in original]."

197 F.2d 970 at 972 (3rd Cir. 1952).

■■ Defendant in the instant action does not quarrel with the general rule that foreign limitation statutes are effective only when they extinguish the foreign right. He argues that, because the Ontario statute of limitations is contained in the same act outlining the rights of parties in motor vehicle accidents, it must be considered as a condition of these rights. However, I take the view that Goodwin v. Townsend, supra, persuasively disposes of this contention. The fact that both the right and the limitation are written in the same act may be indicative of the nature of the limitation, but it is not conclusive on that issue.

Defendant places much emphasis on the case of Maki v. George R. Cooke Co., 124 F.2d 663, 146 A.L.R. 1352 (6th Cir. 1942), in which a Minnesota limitation statute was held applicable to an action brought in Michigan. That case, however, agrees with the general rule and merely reaches the conclusion that the Minnesota statute (governing health conditions in places where workmen are employed), which gave a right of action unknown at common law and contained within it a limitation period, was of such a nature that the limitation was an integral part of the action. We deal here with a different statute which has been interpreted in a different way not only by an American court but also by courts in Ontario.

■ If the action be viewed as not governed by section 147 of the Ontario Highway Traffic Act, on the theory that it is not "for the recovery of damages occasioned by a motor vehicle," the same result follows. Viewed as either common law negligence or violation of statutory duty in supplying a minor with liquor, the applicable Ontario statute of limitations, sections 45 and 47 of the Limitations Act of Ontario (R.S.O.1960, c. 214), is even more clearly a limitation only on the remedy and not one extinguishing the right.

■■ This conclusion also comports with the more recent theories of conflicts of law. See generally, Currie, Notes on Methods and Objectives in the Conflict of Laws, 1959 Duke L.J. 171. Currie, Married Women's Contracts: A Study in Conflict of Laws Method, 25 U.Chi.L.Rev. 227 (1958). At the time of the accident, all parties were Michigan citizens. No Ontario residents and no Ontario property are involved in this action. The purposes of statutes of limitations are, at most, to protect courts and defendants. The Ontario legislature can claim no interest in protecting Michigan courts against imposition nor any interest in protecting Michigan defendants against stale claims. Hence, there is no good reason for allowing the time in which the action may be brought to be governed by Ontario law, since it would not be an appropriate exercise of comity to apply Ontario law to a situation in which Ontario has no interest. Michigan, as the forum state and as the residence of defendant, has declared a policy regarding limitations of actions in its limitations statute (M.S.A. § 27.605, Comp.Laws Mich.1948, § 609.13). There is no good reason that this policy should be made to give way to the differing view of any other state or country in a situation such as this.

It is hereby ordered that defendant's motion to dismiss be, and the same is, denied.