Rosellen **LILLEGRAVEN** and Olav Lillegraven, Appellants,

v.

Martin A. **TENGS**, Appellee.

No. 173.

Supreme Court of Alaska.

Oct. 4, 1962.

R. J. Annis of Robertson, Monagle, Eastaugh & Annis, Juneau, for appellants.

Robert Boochever, of Faulkner, Banfield, Boochever & Doogan, Juneau, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The appellant, Rosellen Lillegraven (referred to here as the "plaintiff"), was injured in a motor vehicle collision on the Alaska Highway in the Canadian province of British Columbia. She commenced this action for damages against the appellee, Martin Tengs (referred to in this opinion as the "defendant"), who was the owner of the automobile in which she was a passenger at the time of the accident. He was not present, but he had furnished the car for his wife who had arranged for plaintiff and a friend, Susan Barrow, to accompany her on a "share-the-expense" trip from Seattle, Washington to Haines, Alaska. Susan Barrow was driving at the time the accident took place and, according to plaintiff's allegations, was grossly negligent. The basis for this action against the defendant is plaintiff's theory of vicarious liability—the responsibility of the owner of the car, without any wrongful conduct on his part, for the negligence of another. In turn, this is based on a portion of the Motor Vehicle Act of British Columbia which provides that a person driving a motor vehicle with the owner's consent is deemed to be the agent or servant of the owner and driving in the course of his employment.[1]

Plaintiff's injuries were sustained on October 8, 1958. Her action was commenced September 26, 1960, which was within Alaska's two-year statute of limitation,[2] but beyond the twelve-months period of limitation prescribed by the British Columbia act.[3] The trial court held that the latter period was controlling, and on that basis granted summary judgment for defendant. The question of which time period should govern is the principal issue presented on this appeal.

In her amended complaint plaintiff states that the operation of defendant's vehicle and the rights of the parties were governed by the British Columbia Motor Vehicle Act.[4] This reliance on the foreign statute is in accord with the general rule in conflict of laws—which we apply in this case—whereby the creation of tort liability is governed by the law of the place of the injury.[5] This rule, however, applies only with relation to the substantive rights of the parties—it being the traditional approach of the American courts to distinguish between

1. "In an action for the recovery of loss or damage sustained by any person by reason of a motor-vehicle on any highway, every person driving or operating the motor-vehicle who is living with and as a member of the family of the owner of the motor-vehicle, and every person driving or operating the motor-vehicle who acquired possession of it with the consent, express or implied, of the owner of the motor-vehicle, shall be deemed to be the agent or servant of that owner and to be employed as such, and shall be deemed to be driving and operating the motor-vehicle in the course of his employment; but nothing in this section shall relieve any person deemed to be the agent or servant of the owner and to be driving or operating the motor-vehicle in the course of his employment from the liability for such loss or damage." Motor-Vehicle Act, Province of British Columbia, ch. 39, § 72(1) (1957).

2. Section 55–2–7 ACLA 1949.

3. Section 80(1) of the Motor Vehicle Act of British Columbia provides: "No action shall be brought against a person for the recovery of damages occasioned by a motor-vehicle after the expiration of twelve months from the time when the damages were sustained."

4. Alaska has no statute making an automobile owner liable for injuries to third persons caused by the negligence of a person operating the vehicle with the owner's consent. A number of other states have enacted such legislation. See Prosser, Torts § 66, at 371 (2d ed. 1955).

5. Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492, 499 (1962). See Goodrich, Conflict of Laws § 92 (1949); Restatement, Conflict of Laws § 387 (1934); Scheer v. Rockne Motors, 68 F.2d 942, 943 (2d Cir. 1934).

substance and procedure and hold that procedural matters are governed by the law of the forum.[6]

A statutory limitation on the time for commencing actions is generally considered to be a matter of procedure, and thus governed by the law of the place where the action is brought.[7] But the opposite result has been reached where the court construes the limitation as being directed so specifically to the right of action as to warrant saying that it qualifies or is made a condition of that right. In such a case, after the time has gone by the right is gone, and no action may then be commenced on it even though the general period of limitation in the jurisdiction where the action is sought to be commenced has not yet expired.[8]

Defendant contends that is the situation here. He argues that plaintiff's right of action was created by British Columbia law, and that since the same law fixes the time within which the right must be asserted, it acts as a condition or limits the existence of the right.

■ It is true that the time limitation and the right which plaintiff seeks to enforce are written in the same statute.[9] But that is not conclusive on the issue of whether the limitation is so specifically directed to the right as to warrant saying that when the time has passed the right is gone.[10] The statute in which both are contained is a comprehensive act, containing one hundred ninety-six sections, and dealing with what appears to be every phase of the ownership, licensing, operation and regulation of motor vehicles. Section 80, which contains the time limitation for bringing actions, is not limited in its application to the liability of the owner of a motor vehicle for the tort of one driving with the owner's consent. It has a far broader scope and deals generally with all actions "for the recovery of damages occasioned by a motor vehicle."

■ There is nothing in the law showing that the legislative body of the province of British Columbia gave special consideration to the impact of Section 80 upon the particular right sought to be enforced in this case, as distinguished from other rights to which the act was also applicable.[11] Because of this, we look upon Section 80 as a broad limitation on all tort actions growing out of the operation of motor vehicles, having as its purpose that of all general statutes of limitation, which is to encourage promptness in the prosecution of actions and thus avoid injustice that would result from the assertion of claims after evidence has been lost, memories have faded, and witnesses have disappeared.[12] What minimum period of time for commencing actions would best effect that purpose is a matter of policy of government. British Columbia has declared it to be one year. But Alaska has chosen a longer period of two years, and it is the forum in which the rights of the parties are being determined. In these circumstances, we can

---

6. Restatement, Conflict of Laws § 585 (1934); Goodrich, Conflict of Laws § 80(3d ed. 1949); Ailes, Substance and Procedure in the Conflict of Laws, 39 Mich.L.Rev. 392 (1940).

7. Restatement, Conflict of Laws § 604 (1934); Goodrich, Conflict of Laws § 85 (3d ed. 1949).

8. Davis v. Mills, 194 U.S. 451, 454, 24 S.Ct. 692, 48 L.Ed. 1067, 1070 (1904); The Harrisburg v. Rickards, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358, 362 (1886); Restatement, Conflict of Laws § 605 (1934); Goodrich, Conflict of Laws § 86 (3d ed. 1949).

9. Supra, notes 1 and 3.

10. Baldwin v. Brown, 202 F.Supp. 49, 51 (E.D.Mich.1962).

11. Bournias v. Atlantic Maritime Co., 220 F.2d 152, 157 (2d Cir. 1955).

12. Order of R. R. Telegraphers v. Railway Express Agency, 321 U.S. 342, 348–349, 64 S.Ct. 582, 88 L.Ed. 788, 792 (1944); Missouri, K. & T. R. Co. v. Harriman Bros., 227 U.S. 657, 672, 33 S.Ct. 397, 57 L.Ed. 690, 698 (1913); Riddlesbarger v. Hartford Fire Ins. Co., 74 U.S. (7 Wall.) 386, 390, 19 L.Ed. 257, 259 (1869).

see no good reason why this state's policy as to limitation of tort actions should give way to the differing view of a foreign country.[13]  The trial court erred in applying the British Columbia one-year period of limitation to plaintiff's claim.

■ Defendant suggests another ground for affirming the judgment below.  He refers to Section 73 of the British Columbia act, which limits recovery by an automobile passenger to cases of gross negligence on the part of the driver.  Defendant then argues that what plaintiff stated in a deposition regarding the circumstances of the accident show clearly that she has failed to establish a claim of gross negligence on the part of the driver of defendant's automobile.  This argument was made to the court below in defendant's motion for a summary judgment.  But the judge did not pass upon it—stating that he found it unnecessary to explore that issue since he was disposing of the case on the ground that the foreign statute of limitation was controlling.

In Ransom v. Haner [14] we adopted the rule that an appellee may urge, and the appellate court should consider in defense of a judgment, any matter appearing in the record, even if rejected below and even if appellee's argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.  That rule is not applicable in this situation.  What we are being asked to do by defendant is to grant him summary judgment on the ground that the pleadings and depositions on file in this action show that there is no genuine issue as to any material fact and that he is entitled to recover judgment as a matter of law.[15]  We decline to do this.  Issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner.[16]  The decision of this question should rest initially with the trial judge.  It is conceivable that he would decide that the case should go to trial so that plaintiff would have the opportunity to attempt to elicit from the driver of the car facts which the driver had a duty to observe and which plaintiff did not, and which may prove plaintiff's case.  Or the judge possibly could decide that demeanor evidence of the driver and other witnesses would be of importance in deciding the issue raised by plaintiff's claim.[17]  These are matters involving an exercise of judgment on the part of the trial judge.  We would be invading his province by passing on the question before he had the opportunity to do so.

The judgment is reversed and the case remanded for further proceedings in accordance with this opinion.

13. Baldwin v. Brown, 202 F.Supp. 49, 51 (E.D.Mich.1962).

14. Opinion No. 37, 362 P.2d 282, 285 (Alaska 1961).

15. Civ.R. 56(c).

16. 6 Moore, Federal Practice § 56.17 [42], at 2232 (2d ed. 1953); Aetna Ins. Co. v. Cooper Wells & Co., 234 F.2d 342, 344 (6th Cir. 1956).

17. Collini v. Moss, 98 U.S.App.D.C. 114, 232 F.2d 371, 373.