Donald M. HAMILTON et al., Appellant,

v.

SEATTLE MARINE & FISHING SUPPLY CO., Appellee.

No. 2695.

Supreme Court of Alaska.

April 1, 1977.

---

Donald M. and Margaret B. Hamilton in pro per.

Clifford H. Smith, Ziegler, Ziegler & Cloudy, Ketchikan, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

RABINOWITZ, Justice.

This appeal arises out of the prolonged attempts by Donald and Margaret Hamilton to prevent a judgment creditor, Seattle Marine & Fishing Supply Co., from executing upon an Alaska money judgment which was granted on the basis of a judgment obtained in the State of Washington.

On August 1, 1969, appellee Seattle Marine obtained a judgment in the State of Washington for $6,014 plus interest against appellants Donald and Margaret Hamilton.[1] In 1970, Seattle Marine filed a complaint in

Alaska against the Hamiltons, but because they could not be located and properly served, the action was later dismissed without prejudice. On March 12, 1974, another complaint was filed in the Superior Court of Alaska by Seattle Marine against the Hamiltons, and after diligent but unsuccessful inquiry as to their whereabouts, notice by publication was commenced, beginning on May 10, 1974, and ending on July 1, 1974.

On June 27, 1974, an Alaskan attorney filed notice of appearance as counsel for the Hamiltons. Thereafter, no answer being filed, Seattle Marine moved for default and the entry of judgment of default. On March 14, 1975, the Hamiltons' default, as well as a default judgment, were entered by the Clerk of the Superior Court, granting judgment of $6,014, plus interest to date of $2,552.94, and attorney's fees of $971.96, for a total judgment of $9,628.90 plus interest. On March 21, 1975, the Hamiltons' counsel filed a motion to set aside the default and default judgment and requested permission to file an answer. On April 16, 1975, the superior court issued an order setting aside the default judgment.

On April 29, 1975, appellee Seattle Marine filed a motion for summary judgment based on the judgment which had been granted by the Superior Court of Washington. On July 3, 1975, the Superior Court of Alaska issued a Memorandum of Decision granting summary judgment to Seattle Marine "[t]o the limited extent that plaintiff's motion seeks to have the Washington judgment declared a valid and enforceable judgment." Then, on July 15, 1975, the superior court entered a summary judgment against the Hamiltons in the total amount of $10,016.38.[2] Thereafter followed

---

1. This judgment was entered pursuant to the stipulation of counsel for both parties. In its pertinent part, the judgment reads ". . . that plaintiff be granted judgment against Donald M. Hamilton and the marital community of Donald M. Hamilton and Margaret B. Hamilton, his wife, for the sum of $6,014, plus interest at 8% from February 16, 1968, until paid, plus costs of suit."

2. More particularly, the judgment which was entered against the Hamiltons awarded Seattle

Marine the amount of $6,014 with interest at the rate of 6% in the amount of $2,552.94, together with attorney's fees pursuant to Rule 82, in the amount of $1,031.69, plus city and borough sales tax in the amount of $41.27; costs incurred prior to March 13, 1975, in the amount of $164.50; additional costs incurred between March 13 and July 8, 1975, in the amount of $20.40, and interest at the rate of 6% in the amount of $191.58, for a total judg-

a series of procedural maneuvers which are not relevant to the disposition of the main issues in this appeal.[3] On October 23, 1975, the superior court issued an order under Civil Rule 54(b) declaring as final its judgment of July 15, 1975, and its order of September 24, 1975, denying appellants' motion to strike the judgment.[4]

The most significant contentions of appellants are that Seattle Marine's efforts to enforce the judgment it obtained in the State of Washington are barred by that state's six-year statute of limitations pertaining to judgment liens,[5] as well as by the

circumstance that the Washington judgment was "dormant" at the time the Superior Court of Alaska entered its judgment on July 15, 1975.

Article IV, section 1 of the Constitution of the United States provides, in part, that "[f]ull Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Partially in response to this constitutional mandate, Alaska's legislature enacted two uniform acts, namely, the Uniform Foreign Money Judgments Recognition Act,[6] and the Uniform Enforcement of Foreign Judg-

ment of $10,016.38 with interest accruing at the rate of 8% from July 8, 1975, until satisfaction in full.

**3.** These post-judgment matters included the Hamiltons' opposition to Seattle Marine's cost bill; the Hamiltons' proper (on September 12, 1975) motion to strike judgment on the ground that the judgment was not in conformity with the superior court's memorandum of decision; a second motion to strike the judgment on the ground that it was obtained without compliance with the notice requirements of Civil Rule 78; and the Hamiltons' opposition to Seattle Marine's motion for an order for execution sale.

**4.** We further note that on October 9, 1975, Seattle Marine filed opposition to the Hamiltons' motion to set aside judgment on the ground that the Hamiltons had deeded to their daughter, by quitclaim deed, their only Alaska property on August 5, 1975, contending that the transfer was an attempt to frustrate Seattle Marine's collection efforts and was a fraudulent conveyance under AS 34.40.010. At a hearing on October 27, 1975, at which the Hamiltons were supposed to show cause why the property transfer to Joy Hamilton should not be set aside, the superior court denied the motion to set aside because counsel for Seattle Marine did not appear at the hearing. The superior court also stated that it interpreted the Washington case of *Grub v. Fogle's Garage*, 5 Wash.App. 840, 491 P.2d 258 (1971), cited by the Hamiltons, as reaching the same conclusion it did, namely, that the lien judgment has expired in Washington, but the Alaska judgment can still be enforced by writ of execution. The superior court reemphasized that the judgment could be satisfied in either Washington or Alaska but not both. The superior court further ordered that execution may issue unless an appropriate supersedeas bond is filed.

**5.** R.C.W. 4.56.210 provides:

After the expiration of six years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor, and no suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment, except as in RCW 4.56.225 provided.

R.C.W. 4.56.225 establishes the procedures for reviving a judgment for an additional five-year period.

Additionally, we note that on October 15, 1975, the Superior Court of Washington issued a memorandum opinion in relation to an application the Hamiltons had made in Washington in which they sought to prevent Seattle Marine from taking further steps in the courts of Alaska against their real property in Alaska. The Washington court denied the Hamiltons' application, pointing out that: (1) the action in Alaska was commenced within six years of the Washington judgment, and therefore within Washington's particular statute of limitations, and that the summary judgment was entered within six years of the Washington judgment; (2) the Washington court's equitable powers such as injunctive relief are to be used sparingly; (3) whether or not Washington law should prohibit Alaska from proceeding under its own law, since the judgment by the time of the application had expired under Washington law; since the cases are in disagreement, the court considered the equitable aspects; (4) Seattle Marine commenced its action prior to the six-year expiration; (5) Alaska has its own policy reasons for proceeding; and (6) there was no contention made that the Washington judgment was erroneous or that it had been satisfied.

**6.** AS 09.30.100–180.

ments Act.[7] The former act applies to any final and conclusive judgment of a foreign state granting or denying recovery of a sum of money.[8] As to such judgments, the Uniform Foreign Money Judgments Recognition Act further provides that "[t]he foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit."[9] By virtue of Alaska's adoption of the Uniform Enforcement of Foreign Judgments Act, a speedy and economical procedural method is prescribed for the enforcement of foreign judgments.[10] This latter act further provides that "[t]he right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under §§ 200–270 of this chapter remains unimpaired."[11]

It is primarily against this statutory setting that we must evaluate appellants' contentions that the superior court erred in entering judgment on the basis of the 1969 Washington judgment. In our view, the chronological history of this litigation requires that appellants' assertions as to the dormancy of the Washington judgment and the bar of Washington's six-year limitation be rejected.

We think it apposite at this point to recall that Seattle Marine obtained its judgment from the superior court of our sister State of Washington on August 1, 1969. Thereafter, Seattle Marine first filed suit to enforce the judgment in the Superior Court of Alaska in 1970. Since service upon the Hamiltons could not be effectuated, this first complaint was dismissed and a second suit was commenced in the Superior Court of Alaska in March 1974, less than five years after the entry of the Washington judgment. Finally, on July 15, 1975, two weeks less than six years after the Washington judgment had been entered, the Superior Court of Alaska entered judgment in favor of Seattle Marine against the Hamiltons.

In Alaska it is well established that the filing of a complaint tolls the applicable statute of limitations and has the legal effect of commencing an action. *Sil-*

7. AS 09.30.200–270.

8. AS 09.30.100 of the Uniform Foreign Money Judgments Recognition Act provides that the act applies "to any foreign judgment that is final and conclusive and enforceable where rendered even though an appeal is pending or it is subject to appeal." AS 09.30.170(2) defines "foreign judgment" as "a judgment of a foreign state granting or denying recovery of a sum of money other than a judgment for taxes, a fine or other penalty, or a judgment for support in matrimonial or family matters."

9. AS 09.30.110. This section provides in full that:

Except as provided in § 120 of this chapter, a foreign judgment meeting the requirements of § 100 of this chapter is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit. In the Commissioner's Prefatory Note to the Uniform Act, it is stated in part:
. . . Codification by a state of its rules on the recognition of money judgments rendered in a foreign court will make it more likely that judgments rendered in the state will be recognized abroad.

The Act states rules that have long been applied by the majority of courts in this country.

10. AS 09.30.200 of the Uniform Enforcement of Foreign Judgments Act provides:

A copy of a foreign judgment authenticated in accordance with the Act of Congress or the laws of this state may be filed in the office of the clerk of the superior court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the superior court and may be enforced or satisfied in like manner.

11. AS 09.30.240. In the case at bar Seattle Marine chose not to follow the procedures permitted by AS 09.30.200; instead it brought an action to enforce the Washington judgment it had obtained against the Hamiltons. We note the 1974 complaint, filed in the Superior Court of Alaska, named Active Fisheries, Inc. as a party defendant and sought an order ". . . requiring defendant Active Fisheries, Inc. to return the aforementioned second mortgage to defendants Donald M. Hamilton and Margaret B. Hamilton."

*verton v. Marler*, 389 P.2d 3 (Alaska 1964).[12] Thus, it follows that at the time the case at bar was filed in the Superior Court of Alaska, as well as the date upon which the superior court entered judgment against the Hamiltons, the Washington judgment was not dormant, since the six-year lien limitation of R.C.W. 4.56.210 had not yet expired.[13]

In *Lillegraven v. Tengs*, 375 P.2d 139, 140–41 (Alaska 1962), we noted

> the traditional approach of the American courts to distinguish between substance and procedure and hold that procedural matters are governed by the law of the forum. (footnote omitted)

Recognizing the traditionally distinctive treatment accorded substantive and procedural matters in the area of conflict of laws, we said the following in regard to limitations of actions in *Lillegraven*:

> A statutory limitation on the time for commencing actions is generally considered to be a matter of procedure, and thus governed by the law of the place where the action is brought.[14] (footnote omitted)

Regarding whether Washington or Alaska law governs the enforcement of the Washington judgment, we think that under the Uniform Enforcement of Foreign Judgments Act, Alaska law applies.[15] However, it is apparent that neither at the time when this case was commenced in the courts of Alaska nor at the time the Superior Court of Alaska entered its judgment had the six-year Washington statute of limitations run. Therefore, in the factual context of this case, there is no practical difference which state's period of limitations is deemed controlling. Under either Alaska's or Washington's appropriate statute of limitations, we hold that the claim of Seattle Marine in the instant case was not time barred.[16]

---

**12.** *See also Jakoski v. Holland*, 520 P.2d 569 (Alaska 1974); *Burns v. Anchorage Funeral Chapel*, 495 P.2d 70 (Alaska 1972); *Groseth v. Ness*, 421 P.2d 624, 626 (Alaska 1966). Rule 3, Rules of Civil Procedure, reads: "A civil action is commenced by filing a complaint with the court."

**13.** For the text of R.C.W. 4.56.210, see note 5, *supra*.

**14.** *Lillegraven v. Tengs*, 375 P.2d 139, 141 (Alaska 1962).

In *Marine Constr. & Design Co. v. Vessel TIM*, 434 P.2d 683, 686–87 (Alaska 1967), we had occasion to address directly the "built-in" exception to the general rule that matters of procedure are governed by the law of the forum. In *Lillegraven v. Tengs*, 375 P.2d 139, 141 (Alaska 1967), we said, in regard to the "built-in" exception, the following:

> But the opposite result has been reached where the court construes the limitation as being directed so specifically to the right of action as to warrant saying that it qualifies or is made a condition of that right. In such a case, after the time has gone by the right is gone, and no action may then be commenced on it even though the general period of limitation in the jurisdiction where the action is sought to be commenced has not yet expired.

*See also* H. Goodrich, Conflict of Laws § 86, at 243 (3d ed. 1949).

**15.** Section 99 of the Restatement of Conflict of Laws 2d (1971) states, "The local law of the forum determines the methods by which a judgment of another state is enforced."

Comment *b* to section 100 of the Restatement of Conflict of Laws 2d reads, in part, as follows:

> The method of enforcing a foreign judgment for the payment of money is determined by the local law of the forum . . . the method usually employed in this country for the enforcement of a foreign judgment for the payment of money is to bring a new action in the nature of debt upon the judgment in the forum State and to obtain a new judgment there. This process is facilitated in some States by the availability of summary judgment procedures.

**16.** AS 09.10.040 provides:

> No person may bring an action upon a judgment or decree of a court of the United States, or of a state or territory within the United States, and no action may be brought upon a sealed instrument unless commenced within 10 years.

AS 09.10.220 provides in full that:

> When a cause of action has arisen in another state or in a territory or foreign country between nonresidents of this state, and by the laws of the state, territory, or country where the cause of action arose that action cannot be maintained because of a lapse of time, the action shall not be maintained in this state.

We have reviewed appellants' other specifications of error and have concluded that they are lacking in merit.

Affirmed.

DIMOND, J. pro tem., not participating.