**LEAYLE BENJAMIN, Plaintiff**

**v.**

**EASTERN AIRLINES, INC., Defendant**

Civil No. 1980/373

**GRIFFITH CARTER AND EDEN CARTER, Plaintiffs**

**v.**

**EASTERN AIRLINES, INC., et al., Defendants**

Civil No. 1980/377

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 2, 1981

RHYS HODGE, ESQ., St. Thomas, V.I., *for Benjamin*

JOHN E. STOUT, ESQ., St. Thomas, V.I., *for Carter*

GEORGE H. HUBSCHMAN, ESQ., St. Thomas, V.I., *for Eastern Airlines, Inc., et al.*

FRANCISCO PONSO FELIU, FRANCISCO PONSO FLORES, EDDA PONSA FLORES, LAWRENCE E. DUFFY, San Juan, Puerto Rico, *of counsel*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

These cases are before the Court on the motion of defendant Eastern Airlines, Inc. (hereinafter "Eastern") to dismiss both actions as barred [having been proscribed] by the applicable statute of limitations, Fed. R. Civ. P. 12(b)(1), and on the motion of defendant Federal Aviation Administration of the United States of America (hereinafter "F.A.A.") to dismiss the claim against it in Carter v. Eastern Airlines, Inc., Civ. No. 80-377, for a failure by the plaintiffs Griffith Carter and Eden Carter to comply with the Federal Tort Claims Act, Fed. R. Civ. P. 12(b)(1). The Court will also consider sua sponte, the consolidation of these two actions, Fed. R. Civ. P. 42(a). We will reserve ruling on the motion of the defendant Eastern to dismiss, grant the motion of defendant F.A.A. to dismiss and consolidate the two actions.

## I. FACTUAL BACKGROUND

Both cases arise out of an airplane accident that occurred on October 25, 1978, at the Isla Verde Airport in San Juan, Puerto Rico. Plaintiffs contend that a Cessna Skyhawk, in which plaintiffs Leayle Benjamin and Griffith were riding, was cleared for taxiing by defendant F.A.A., and while taxiing the exhaust blast from defendent Eastern's aircraft caused the Cessna to tip over. The plaintiffs allege that the accident was caused by defendant Eastern's negligent operation of an aircraft and by defendant F.A.A.'s agents' negligent performance of their duties at ground control. Plaintiffs Leayle Benjamin and Griffith Carter claim that they suffered personal injuries from the accident, and plaintiff Eden Carter claims that the injuries to her husband, plaintiff Griffith Carter, have caused her a loss of her husband's society and consortium. Plaintiff Leayle Benjamin filed his action in this Court on October 23, 1980. Plaintiffs Griffith and Eden Carter filed theirs on October 24, 1980.

## II. STATUTE OF LIMITATIONS DEFENSE

Defendant Eastern argues that both cases should be dismissed as they are barred by Puerto Rico's one-year statute of limitations on negligence actions, P.R. Laws Ann. Tit. 31, § 5298(2).[1] The plaintiffs counter with the argument that the Virgin Islands two-year statute of limitations governs these actions, 5 V.I.C. § 31(5)(A),[2] and that therefore, the suits are timely. The Court will reserve its ruling on this matter for the reasons set forth below.

Defendant Eastern's argument that the Puerto Rican statute of limitations should be applied in these actions raises two possible conflict of laws issues. Firstly, it presents the issue of whether the substantive law of Puerto Rico or the substantive law of the Virgin Islands should apply to the adjudication of these disputes. Secondly, if a finding is made that the substantive law of Puerto Rico is applicable, the question arises as to whether the Puerto Rican statute of limitations is substantive, as Virgin Islands procedural law governs this dispute regardless of which substantive law is applied. Goodwin v. Townsend, 197 F.2d 970, 972 (3rd Cir. 1952).

Turning initially to the question of the applicable substantive law, the governing principles are contained in Restatement (Second) of Conflict of Laws § 145, § 146 and § 154 (1971).[3] The Restatement (Second) of Conflict of Laws provides that the actions for personal injuries brought by Leayle Benjamin and Griffith Carter are governed by the "local law of the state where the injury occurred,"[4] and that the action for loss of society and consortium brought by Eden Carter is governed by the "local law of the state

---

[1] P.R. Laws Ann. Tit. 31, § 5298(2) provides the following in pertinent part:

"The following prescribed in one year:

...2. Actions to demand civil liability for grave insults or calumny and for obligations arising from the fault or negligence mentioned in Section 5141 of this title, from the time the aggrieved person had knowledge thereof."

P.R. Laws Ann. Tit. 31, § 5141, the section of the civil code creating civil liability for the great majority of common law torts, is as follows:

"A person who by act or omission causes damage to another, when there is fault or negligence shall be obliged to repair the damage so done."

[2] 5 V.I.C. § 31(5) states that civil actions "for any injury to the person or rights of another not arising on contract" shall be commenced within two years.

[3] The restatements of the law approved by the American Law Institute are the "rules of decision" in the courts of the Virgin Islands absent contrary local laws. 1 V.I.C. § 4.

[4] Restatement (Second) of Conflict of Laws § 146 (1971).

where the conduct complained of principally occurred,"[5] unless, with respect to the particular issue, some other state has a more significant relationship . . . ."[6] In order to determine whether some other state has a "more significant relationship" a variety of contracts are considered, including the place where the injury occurred, the place where the conduct causing the injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship between the parties is centered.[7]

■ In these cases, Puerto Rican substantive law should apply as Puerto Rico is the place where plaintiffs Leayle Benjamin and Griffith Carter were personally injured, Puerto Rico is the place where the defendant's alleged negligent conduct occurred, and the Virgin Islands does not have contacts that are more significant than those of Puerto Rico. The relationship between the defendants and the plaintiffs was centered in Puerto Rico as this was the only place of contact between the plaintiffs and the defendants. Defendant Eastern is neither a Virgin Islands nor a Puerto Rican corporation, although it does do business in both locations. Defendant F.A.A. is an administrative agency of the United States. The only exclusive contact that the Virgin Islands has with these actions is the residency of all the plaintiffs. This contact is not enough to warrant the application of Virgin Islands substantive law.

■■ As we have determined that Puerto Rican substantive law will apply to these actions, we are required to decide whether the applicable Puerto Rican statute of limitations is substantive or procedural. The general rule is that for the purposes of choice of law, a statute of limitations is procedural, and therefore the statute of limitations of the forum is governing. Restatement (Second) of Conflict of Laws § 142 (1971). See also Davis v. Miller, 194 U.S. 451, 454 (1904); DeWindt v. Hess Oil Virgin Islands Corp., 15 V.I. 22, 34–35 (D.V.I. 1978). There is an exception to that rule, however, as "[a]n action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy." Restatement (Second) of Conflict of Laws § 143 (1971). See also Davis, supra, at 454; DeWindt, supra, at 35. Thus, a court must investigate whether

[5] Id. at § 154.

[6] Id. at § 146 and § 154.

[7] Id. at § 145.

the appliable foreign statute of limitations so qualifies and conditions the cause of action that it extinguishes the right after a certain period of time, rather than simply barring the pursuit of the remedy in the foreign courts.

Many tests have been used by courts to distinguish statutes which bar rights from those that bar remedies. See, e.g., discussion in Restatement (Second) of Conflict of Laws § 143, Reporter's Note, com. c; discussion in Bournias v. Atlantic Maritime Co., 220 F.2d 152, 155–57 (2nd Cir. 1955). The test this Court adopted in DeWindt, supra, at 35, was the "specificity test." This test analyzes the language of the statute of limitations at issue. If the statute *specifically* prescribes the plaintiff's particular cause of action it bars the right; but if the statute is drafted broadly so that it limits a variety of actions, it bars only the remedy. After due deliberation, we have decided not to adopt the specificity test for the case sub judice, but will confine its use to the particular facts of DeWindt, an admiralty action for seaman's wages. The reason for our decision is that the specificity test is deficient, as it is an inappropriate test to use to analyze many statutes from the civil law jurisdictions. The application of the test to the facts at bar will demonstrate this proposition.

The applicable statute of limitations, P.R. Laws Ann. Tit. 31, § 5298(2),[8] sets forth a limitation period of one year for actions described in P.R. Laws Ann. Tit. 31, § 5141. Section 5141 is the code section which creates civil liability for the great majority of common law torts.[9] Thus, if the specificity test is applied, the conclusion would be drawn that the statute bars only the remedy, as the statute does not specifically prescribe the plaintiffs' causes of action. The problem with the analysis, however, is that no account is taken of the fact that civil law jurisdictions traditionally create the basic civil liability for torts in only one or two short code sections.[10] There-

---

[8] See note 1, supra.

[9] See note 1, supra.

[10] See discussion in H. de Vries, Civil Law and the Anglo-American Lawyer 309–10 (1976); discussion in A. Von Mehren & J. Gordley, The Civil Law System 575–77; the French Code provisions, the French Civil Code of 1804, Art. 1382–83, which provide: "Art. 1382. Every act of a man which causes injury to another obligates the one by whose fault it occurred to give redress. Art. 1383. Everyone is responsible for the injury he has caused not only by his act, but also by his neglect or imprudence."; the Soviet Code provision, Civil code, RSFSR Art. 444 (1964), which states: "Art. 444. *General Bases of Liability for Causing Harm.* Harm caused to the person or property of a citizen, as well as harm caused to organizations, shall be subject to compensation in full by the person who has caused the harm. One who has caused harm shall be relieved from compensating

fore, it is highly unlikely a civil code would specifically describe a tort in a limitations statute, regardless of any legislative intent to prescribe a right. In sum, the specificity test is inadequate as it does not take into account the differences between civil law and common law jurisdictions in matters of drafting statutes.

■ The better test to be used in analyzing foreign statutes of limitations is the "foreign courts test," which has been applied by the Third Circuit Court of Appeals. See Goodwin, supra, at 972–73; Natale v. Upjohn Co., 356 F.2d 590, 593–94 (3rd Cir. 1966). We adopt that test for general use by the courts of the Virgin Islands. The Third Circuit approach looks to the decisions of the courts of the foreign forum and adopts the foreign courts' characterization of the applicable statute of limitations as either substantive, barring the right, or procedural, barring the remedy. If the courts of the foreign jurisdiction have not made a decision on the issue, the test requires the forum court to make a decision that is consistent with the approach generally taken by the foreign courts.

We will reserve ruling on the issue of whether P.R. Laws Ann. Tit. 31, § 5298(2) is substantive or procedural, as the Court does not have enough information before it to apply the foreign courts test. We will give all parties thirty days to brief the issue and provide the Court with copies of all Puerto Rican cases and portions of treatises which are cited in their briefs. The parties must also provide the Court with an English translation of any source available only in Spanish.

### III. FEDERAL TORT CLAIMS ACT DEFENSE

Defendant F.A.A. contends that the action filed against it by plaintiffs Griffith Carter and Eden Carter[11] should be dismissed as the plaintiffs did not comply with the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. We agree.

Defendant F.A.A. is an administrative agency of the United States. The United States, as sovereign is immune from suit unless it consents thereto. See, e.g., Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 141 (1972). The Federal Tort Claims Act sets forth the conditions and terms of the waiver by the United States of its sovereign immunity from suit for the negligent actions of employees of the United States when they are acting within the

---

it if he proves that the harm was caused not by his fault. Harm caused by lawful actions shall be subject to compensation only in the instances provided for by law."

[11] Plaintiff Leayle Benjamin did not file a claim against the F.A.A.

scope of their employment. See, e.g., National Sea Clammers Ass'n v. City of New York, 616 F.2d 1222, 1236 (3rd Cir. 1980). The Federal Tort Claims Act requires a plaintiff to file an administrative claim with the appropriate administrative agency, in the instant case the F.A.A., before a suit is filed against the United States, 28 U.S.C. § 2675(a). If the claim is not submitted in writing to the administrative agency within two years after the claim has accrued, a suit against the United States is forever barred. 28 U.S.C. § 2401(b).

■ The plaintiffs have not filed a claim with the F.A.A. concerning the subject matter of the instant litigation, and more than two years have elapsed since their claims accrued. Thus, this Court lacks subject matter jurisdiction over the plaintiffs' claim against the F.A.A. and must dismiss the action against defendant F.A.A. See National Sea Clammers Ass'n, supra, at 1236.

## IV. CONSOLIDATION OF ACTIONS

■ The Court sua sponte will consolidate the two actions before the Court as both actions arise out of the same accident and thus involve common questions of law and fact. Fed. R. Civ. P. 42(a). Consolidation will expedite these judicial proceedings, tend to avoid unnecessary cost or delay, and further the goal of judicial economy.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the ruling on the motion of defendant Eastern Airlines, Inc., to dismiss be and the same is hereby RESERVED. The parties are given thirty (30) days within which to brief the issue of whether P.R. Laws Ann. Tit. 31, § 5298(2) is treated as substantive or procedural by the courts of Puerto Rico. The parties are to provide the Court with copies of all Puerto Rican cases and portions of treaties which are cited in their briefs. The parties must also provide the Court with an English translation of any source available only in Spanish;

FURTHER ORDERED that the motion of defendant Federal Aviation Administration to dismiss be, and the same is hereby, GRANTED; and

IT IS FURTHER ORDERED that Benjamin v. Eastern Airlines, Inc., Civ. No. 80-373, and Carter v. Eastern Airlines, Inc., Civ. No. 80-377. be, and the same are hereby CONSOLIDATED for trial.