**FIDELINA NAVARRO DAVIS and NELLY
NAVARRO DAVIS, Plaintiffs**

v.

**VIEQUES AIR LINK, INC., and NOEL COLON, individually
and as an agent for VIEQUES AIR LINK, INC.,
Defendants**

Civil No. 1985/73

District Court of the Virgin Islands

Div. of St. Croix

May 16, 1986

GORDON RHEA, ESQ., St. Croix, V.I., *for plaintiff*

ADRIANNE DUDLEY, ESQ., St. Thomas, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

At issue before us is whether this personal injury action, involving litigants from both St. Croix and Vieques, should be dismissed for forum non conveniens. Since we find it should not, we will deny the defendants' motion.

## I. FACTS

The plaintiffs, Fidelina Navarro Davis and Nelly Navarro Davis, along with two other passengers, boarded a Vieques Air Link, Inc. ("Vieques"), plane on March 23, 1983. This flight left the island of Vieques, Puerto Rico, for a regularly scheduled flight to St. Croix. It is alleged that during the approach into St. Croix the pilot lost control of the plane because he was "fondling" a woman passenger seated next to him in the copilot's position.

The plaintiffs filed suit in St. Croix alleging they suffered severe shock and mental anguish from this experience. On March 25, 1986, Vieques moved to dismiss this case for forum non conveniens. For the following reasons we will deny this request.

## II. DISCUSSION

■■ Forum non conveniens enables a court to resist imposition upon its jurisdiction even when jurisdiction is authorized by a general venue statute. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1946); see generally 15 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3828 (1976). Dismissal is warranted for forum non conveniens when trial in the plaintiff's chosen forum imposes a heavy burden on either the defendant or court and the plaintiff is unable to offer any specific reasons why his forum is convenient. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1984).

■ This doctine has been codified at 5 V.I.C. § 4905 (1965) which states:

> When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.

Dismissal under § 4905 is entirely within the discretion of the Court. Dickson v. The Hertz Corporation, 19 V.I. 501, 512 (D.V.I. 1983); Tuky Air Transport v. Edinburgh Ins. Co., 19 V.I. 238, 245 (D.V.I. 1982).[1] Factors which a Court should consider are:

> 1) the amenability of the parties to personal jurisdiction in other states or any alternative forum;
>
> 2) convenience to the parties and witnesses of trial in the forum and in any alternative forum;
>
> 3) differences in conflict of law rules applicable in the forum and in any alternative forum; or
>
> 4) any other factors having substantial bearing upon the selection of a convenient and fair place of trial.

We note that neither side has cited § 4905 as controlling forum non conveniens issues in the Virgin Islands. Rather, Vieques cites to Gilbert as providing the relevant standard governing this issue. Since the law of forum non conveniens does not issue from either the United States Constitution or a federal statute, we feel bound to follow the Virgin Islands statute which is directly on point. 5 V.I.C. § 4905 (1965).[2]

---

[1] The Supreme Court also recognized that the forum non conveniens decision is committed to the sound discretion of the trial court. Piper, 454 U.S. at 257. When the trial court has considered all the relevant public and private interest factors [see Discussion section of opinion], and where its balancing of these factors is reasonable, its decision deserves substantial deference. Piper, 454 U.S. at 257.

[2] In their complaint the plaintiffs allege jurisdiction under 4 V.I.C. § 32 and state their claim exceeds $200,000. We interpret this as invoking that portion of our concurrent jurisdiction which is exclusively vested in our Court. We therefore sit as the highest Court in the Territory.

For purposes of this opinion we feel the forum non conveniens doctrine, as articulated in Gilbert and its progeny, is at best considered federal common law. Since the Virgin Islands Legislature has specifically spoken to the issue of forum non conveniens, we are bound by this act. For a general discussion of the supremacy clause and the relationship between state and federal review of constitutional, statutory and common law issues, please see J. Nowak, R. Rotunda, J. Young, Constitutional Law (1978).

Even though we are bound to follow § 4905, its language does not specify what factors must be applied. Since the decision to dismiss is discretionary, Dickson, 19 V.I. at 512; Tuky, 19 V.I. at 245, we will combine the Dickson and Tuky factors with additional factors found in Piper and Gulf Oil. We will also adopt the balancing test articulated in Piper and Gulf Oil.[3]

With respect to forum non conveniens issues, the Supreme Court applies a balancing test to determine when a court should retain jurisdiction of a case. This test, cited in Piper, 454 U.S. at 241 n.6, was originally devised in Gulf Oil. Two sets of factors, private and public, are balanced by a court. The private factors are:

1) the private interest of the litigant;

2) ease of access to sources of proof;

3) availability of compulsory process for attendance of unwilling witnesses;

4) cost of obtaining attendance of willing witnesses; and

5) practical problems that make trial of a case easy, expeditious and inexpensive.

Gulf Oil, 330 U.S. at 508.

The public factors are:

1) administrative difficulties from congested courts;

2) the burden of jury duty upon the people of a community which has no relation to the litigation;

3) the local interest in conducting cases which touch the affairs of many persons in their view and reach, rather than in remote parts of the country where they can learn of it by report only;

4) the local interest in having localized controversies decided at home; and

5) having diversity cases in a forum that is at home with the state law that must govern the case.

Gulf Oil, 330 U.S. at 508-509.[4]

---

[3] We note that the Courts in Dickson and Tuky appear to apply a balancing test without labeling their analyses as such.

[4] We note that certain Dickson factors are encompassed within the Gilbert factors. Dickson (2) corresponds to private factors (2)-(4); Dickson (3) corresponds to public factor (5); and Dickson (4) corresponds to private factor (5). To avoid confusion, we will analyze this issue using the more comprehensive Gilbert list with the addition of Dickson factor (1). We will also combine public factors 2-4 into one category.

■ Initially we note that there is a strong presumption in favor of the plaintiff's chosen forum. Piper, 454 U.S. at 241 (a plaintiff's choice of forum should rarely be disturbed); Koster v. Lumbermens Mutual Co., 330 U.S. 518, 524 (1947) (plaintiff should not be deprived of choice of jurisdiction except upon a clear showing of facts which either establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience or make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems); Gilbert, 330 U.S. at 308 (unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed); Shuttle v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir.), cert. denied, 401 U.S. 910 (1970) (writ of mandamus issued to district court to vacate order of transfer pursuant to § 1404a); Dickson, 19 V.I. at 512.

Mindful of this strong presumption in favor of the plaintiff's chosen forum, we will examine both the private and public factors found in Dickson and Gilbert.

A. *Private Factors*

1) *Amenability of Parties to Personal Jurisdiction in Other Forums*

Puerto Rico is the logical alternative forum. Since both parties are subject to personal jurisdiction in Puerto Rico, this factor is neutral.

2) *Private Interest of Litigant*

As stated before, the plaintiff's chosen forum should rarely be disturbed. This factor weighs heavily in favor of retaining jurisdiction in St. Croix.

3) *Ease of Access to Sources of Proof*

Both sides allege that the bulk of proof is found in the location they prefer and we have no evidence before us to contradict these assertions. Of the five eyewitnesses to the event, two live in Vieques and one lives in California. Vieques challenges the plaintiffs' assertion that the remaining two witnesses live in St. Croix.

Expert witnesses can be deposed at home and brought here for trial. Though some of the sources of proof will likely originate in St. Croix, this factor weighs slightly in favor of Vieques.

### 4) *Availability of Compulsory Process*

Whether this action is held here or brought in Puerto Rico, both sides will have equal difficulty obtaining adverse witnesses. This factor is also neutral.

### 5) *Cost of Obtaining Willing Witnesses*

Vieques complains that the costs of obtaining willing witnesses, i.e., expert witnesses, would be oppressive. Vieques states, however, that many of these off-island witnesses are from Puerto Rico and quotes a typical airfare between Puerto Rico and St. Croix as $80. Again, this factor is equally applicable to both sides whether or not the case is tried here or in Puerto Rico.

Additionally, if off-island witnesses must be used, as is often the case for trials in St. Croix, the cheapest possible off-island location with respect to transportation costs is Puerto Rico. These costs are appreciably less than the cost of bringing witnesses from the mainland. We find that the cost of obtaining witnesses from Puerto Rico is not so oppressive to warrant dismissal.

### 6) *Other Practical Problems*

As for other practical problems Vieques assumes Puerto Rican law will govern this controversy. Vieques therefore submits it will incur great expense for live interpreters, to obtain English translations of Puerto Rican case law, and for translations of evidentiary documents written in Spanish.[5] As will be discussed later, Virgin Islands Tort Law applies to this case. This obviates these concerns.

### B. *Public Factors*

### 1) *Administrative Difficulties*

Vieques claims that difficulties in determining Puerto Rican law, and difficulties from our congested docket, favor dismissal. As will be discussed in part (3), we find Virgin Islands Tort Law applies to this issue, not Puerto Rican law. Additionally, the Division of St. Croix has neither a congested docket nor a backload of cases. This case is scheduled for trial on May 27, 1986. We anticipate no difficulty in hearing this case on that date.

---

[5] Since 1972 Puerto Rico's Supreme Court opinions have been reported in Spanish.

### 2) *Burden on Local Jurors and Community*

Since one of the plaintiffs is arguably a resident of St. Croix, this community has a relationship to the litigation. Additionally, the accident took place over St. Croix. Requiring jurors to perform their civic duty for an arguably local plaintiff involving a local tort is not onerous.

### 3) *Having Cases in Forum That Is Familiar With the Law Which Governs the Case*

██ In a personal injury action, the local law of the place where the injury occurred determines the rights and liabilities of the parties unless some other jurisdiction has a more significant relationship to the occurrence and the parties. Restatement (Second) of Torts § 146 (1971). Comment (b) states that personal injury includes mental disturbances such as fright or shock. We do not believe Puerto Rico has a more significant relationship to the personal injury since the injury occurred in St. Croix air space, and at least one of the plaintiffs is arguably from St. Croix. Cf. Benjamin v. Eastern Airlines, Inc., 18 V.I. 516 (D.V.I. 1981) (Puerto Rican substantive law applies to case brought in Virgin Islands involving an accident which occurred in Puerto Rico).

## III. CONCLUSION

█ In summary we find that the balance of factors weighs in favor of denying the motion to dismiss for forum non conveniens.

## ORDER

THIS MATTER is before the Court on motion of defendant, Vieques Air Link, Inc., seeking to dismiss this matter for forum non conveniens. The Court having filed its memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the motion to dismiss for forum non conveniens be, and the same, is hereby DENIED.